RICHARD H. RAHM, Bar No. 130728
ANGELA J. RAFOTH, Bar No. 241966
JULIE A. STOCKTON, Bar No. 286944
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: 415.433.1940
Fax No.:    415.399.8490

Attorneys for Defendant
RWI TRANSPORTATION, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CRAFT, an individual, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| v. | **[28 U.S.C. §§ 1332, 1441 & 1446]** |
| RWI TRANSPORTATION LLC, | (Los Angeles Superior Court Case No. BC665578) |
| Defendant. | |

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

2    **THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF LARRY CRAFT**

3    **AND HIS ATTORNEYS OF RECORD**:

4        **PLEASE TAKE NOTICE** that Defendant RWI TRANSPORTATION, LLC

5    ("Defendant" or "RWI Transportation") hereby removes the above-entitled action

6    brought by Plaintiff Larry Craft ("Plaintiff") in the Superior Court of the State of

7    California, County of Los Angeles, to the United States District Court for the Central

8    District of California, pursuant to 28 U.S.C. §§ 1332(a), 1332(d) 1441(a) and (b), and

9    1446.

10    <div align="center">**I.**</div>

11    <div align="center">**INTRODUCTION**</div>

12        1.    On June 19, 2017, an action was commenced in the Superior Court of the

13    state of California in and for the County of Los Angeles, Central District, entitled

14    *Larry Craft v. RWI Transportation, LLC, and Does 1 through 50, inclusive*, Case No.

15    BC 665578 (hereinafter, the "Craft Action").

16    <div align="center">**II.**</div>

17    <div align="center">**REMOVAL IS TIMELY**</div>

18        2.    The filing of this Notice of Removal is Timely. The Complaint initiating

19    the Craft Action was filed in Superior Court on June 19, 2017 and served by hand on

20    RWI Transportation on June 20, 2017.  A true and correct copy of the Complaint,

21    Summons, and all other process that has been served on Defendant to initiate the Craft

22    Action is attached hereto as **Exhibit A**.  Defendant filed in Answer to the Complaint

23    on July 17, 2017, and a copy of the Answer is attached hereto as **Exhibit B**.  In

24    accordance with 28 U.S.C. § 1446(b), RWI Transportation is filing this Notice of

25    Removal within 30 days of service. Thus, the filing of this Notice of Removal is

26    timely.

27

28

<div align="center">1.</div>

Case No.

<div align="center">NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT</div>

## III.

## REMOVAL JURISDICTION

**A.    This Court Has Original Diversity Jurisdiction Over This Action.**

3.    Diversity jurisdiction is proper under traditional diversity principles, 28 USC § 1332(a), because there is complete diversity between the parties and the amount in controversy for the named Plaintiff's claims exceeds Seventy-Five Thousand Dollars ($75,000.00). The Craft Action is removable to the United States District Court of the Central District of California pursuant to 28 U.S.C. § 1441(b). Accordingly, this action may be removed to this Court by RWI Transportation pursuant to the provisions of 28 U.S.C. § 1441(b) and § 1332(a).

1.    <u>The Parties Are Completely Diverse: Plaintiff is a Citizen of California and Defendant is a Citizen of Ohio and Kentucky For Diversity Purposes.</u>

4.    Diversity of citizenship exists between all of the named parties to this case.

5.    Plaintiff Larry Craft is a citizen of California.  **(Ex. A (Complt.), ¶ 6.)**

6.    Defendant RWI Transportation is a Delaware limited liability company with a principal place of business in Hebron, Kentucky. RWI Transportation is not, and was not at the time of filing of this state court action a "citizen" of California.

7.    For purposes of determining diversity jurisdiction, a limited liability company ("LLC") is a citizen of any state in which any of its members is a citizen. *See, e.g., Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("(T)he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Where any of the members are themselves partnerships or LLCs, then citizenship is derived from the submembers as well.  *See V & M Star, LP* v. *Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *Brewer v. SmithKline Beacham Corp.,* 774 F.Supp.2d 720, 729 (E.D. Penn. 2011).

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.     Based on the citizenship of its members and their "submembers," Defendant RWI Transportation, LLC is a citizen of Kentucky and Ohio.  None of its members or their "submembers" is a citizen of California or is a stateless alien, as follows:

(a)     The sole member of Defendant is Castellini Holding Company, LLC.

(b)     Castellini Holding Company, LLC, in turn, has five members. Four of the members are natural persons, three of whom are domiciled in Ohio and one of whom is domiciled in Kentucky.

(c)     The fifth member of Castellini Holding Company, LLC is a limited partnership with one general partner, an Ohio corporation that is headquartered and has its principal place of business in Ohio.  The limited partners are 20 trusts, each of which is established under the laws of Ohio and each of which has a trustee who is a resident of and domiciled in Ohio.

9.     Based on the forgoing, RWI Transportation is, and was at the time of the filing of the Craft Action, a citizen of Kentucky and Ohio for purposes of diversity jurisdiction.

10.     As is alleged in Paragraphs 1-7 of the Craft Action, this dispute concerns a single defendant, RWI Transportation.  Although Plaintiff attempts to bring this action against fictitious, unnamed defendants, none of the unnamed defendants are identified by their conduct or otherwise with sufficient specificity to justify consideration of their citizenship and should be disregarded pursuant to 28 U.S.C. § 1441(b).

11.     As Plaintiff is a citizen of California and Defendant is a citizen of Kentucky and Ohio, complete diversity exists between the parties.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

2. <u>The Amount In Controversy In Plaintiff's Claims Exceeds $75,000.</u>

12.    This lawsuit arises out of the work performed by Plaintiff Larry Craft as a long haul driver transporting cargo interstate on behalf of RWI Transportation between January 2014 and October 2016.[1] **(Ex. A (Complt.), ¶ 6.)** The Complaint asserts the following claims for relief: (1) Misclassification of Employees and violation of Labor Code § 226.8(a)(1); (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Breaks; (4) Failure to Pay Overtime Wages; (5) Failure to Pay Minimum Wages; (6) Failure to Pay All Wages Upon Termination; (7) Failure to Furnish Timely and Accurate Wage Statements; (8) Failure to Pay all Wages Owed Every Pay Period; (9) Failure to Reimburse Business Expenses; (10) Unlawful Deductions from Wages; (11) Civil Penalties under the California Private Attorney General Act ("PAGA"); and (12) Unfair Business Practices Under Unfair Competition Law ("UCL").

13.    RWI Transportation denies that Plaintiff's claims have any merit, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming a jury would return a verdict in Plaintiff's favor, the allegations in Plaintiff's Complaint and the amount in controversy exceed this Court's jurisdictional minimum of Seventy Five Thousand Dollars ($75,000.00). Plaintiff raises a number of causes of action for relief based on his core assertion that he was improperly mischaracterized by RWI Transportation as an independent contractor, rather than an employee. Plaintiff contends, *inter alia*, that:

(a)    At "all" times during the period at issue, Plaintiff worked in excess

---

[1] Although Plaintiff's Complaint raises allegations related to work he performed and the interactions between him and Defendant, Defendant contracted with Plaintiff's company, rather than Plaintiff individually. Therefore, for all purposes herein, all interactions referenced with regard to Plaintiff, such as work performed, pay or statements provided, amounts withheld, periods of time and/or trips worked, etc., should be interpreted as including Plaintiff's company, which is the entity with which Defendant engaged.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.                                                                      Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

of eight (8) hours per day or forty (40) hours per week. (*Id.* at ¶ 16.)

(b)    Defendant failed to pay double pay for work in excess of twelve (12) hours in one (1) day or for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in a workweek. (*Id.*)

(c)    At "all" times during the period, Plaintiff was assigned to work more than four (4) hours without a ten minute break and that he was required to work more than five (5) hours without a thirty (30) minute meal period. (*Id.* at ¶¶ 15, 17.)

(d)    Plaintiff "often" worked in excess of ten (10) hours without a second thirty (30) minute meal break. (*Id.* at ¶ 17.)

(e)    At "all" times during the period, Plaintiff was not reimbursed for business expenses. (*Id.* at ¶ 20.)

(f)    At "all" times, deductions were unlawfully taken from Plaintiff's paychecks. (*Id.* at ¶ 21.)

**(g)**    Defendant engaged in a pattern or practice of misclassifying Plaintiff as an independent contractor. (*Id.* at ¶ 38.)

14.    Defendant need only establish by a preponderance of the evidence that the claims exceed the jurisdictional minimum. *See Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496, 2015 WL 728621, at *3 (S.D. Cal. Feb. 19, 2015).

15.    Considering only the individual claims of Plaintiff Craft, the amount in controversy is well over the $75,000 threshold. Although Plaintiff asserts twelve causes of action on behalf of himself and all other similarly situated individuals, an analysis of only a subset of Plaintiff Craft's individual claims is necessary to establish that the $75,000.00 jurisdictional threshold is easily met.

a.    There is at least $238,901 in controversy based on reimbursement of business expenses.

16.    In his Ninth and Tenth Causes of Action, Plaintiff Craft alleges that Defendant did not reimburse and/or unlawfully deducted payments for various

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

business expenses, including without limitation, "cellular phone service, load locks, e-logs . . . repairs, maintenance, fuel, tires, taxes, plates, permits, licenses, Truck-Stop Scanning, [and] insurance." (*See* **Ex. A (Complt.), ¶ 12(vi-vii).**)  Plaintiff seeks reimbursement of business expenses under California Labor Code Section 2802. Plaintiff alleges that he incurred these necessary expenditures and losses during the applicable statutory period, and that RWI Transportation did not reimburse Plaintiff for those expenditures and losses.

17.    Plaintiff has not provided any information regarding the amount of expenses incurred for which he seeks reimbursement in his Ninth Cause of Action, such as his cell phone service.  As to the amounts collected by Defendant from Plaintiff for which he seeks recovery in his Tenth Cause of Action, however, Defendant's records reflect the following expenses incurred by Plaintiff during the alleged statutory period:

| Fuel | $178,931 |
|---|---|
| Lease Payments | $45,931 |
| Insurance | $14,039 |
| **Total** | **$238,901** |

18.    This sample of the expenses claimed by Plaintiff—which is not all-inclusive—alone amounts to **$238,901**, well in excess of the statutory amount-in-controversy requirement.

            b. There is at least $7,364 in controversy based on missed rest breaks.

19.    In his Third Cause of Action, Plaintiff alleges that RWI Transportation failed to authorize and permit uninterrupted rest breaks during the class period. (**Ex. A (Complt.), ¶ 50.**)  Plaintiff claims that at "all" times during the class period, Plaintiff was required to work shifts lasting over four (4) hours without being provided a ten (10) minute break. (*Id.* **at ¶ 14.**)  Plaintiff thus alleges a 100% violation rate for the days in which Plaintiff performed work for RWI Transportation. *See Duberry v. J.*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

6.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

*Crew Group, Inc.*, Case No. 2:14-cv-08810-SVW-MRW, 2015 U.S. Dist. LEXIS 99171, *7 (C.D. Cal. Jul. 28, 2015) (100% violation rate may be based on allegations of a uniform noncompliant practice).

20.    Plaintiff alleges he is entitled to one (1) additional hour of pay at his regular rate of compensation for each work period during each day in which Plaintiff was not provided with timely statutory rest periods. **(Ex. A. (Complt.), ¶ 53.)** Potential liability for Plaintiff's cause of action for missed rest breaks amounts to **$7,364.00** for Plaintiff Craft alone.[2] This calculation assumes the alleged four-year statute of limitations period, which encompasses Plaintiff's entire period of work for Defendant. *See* Cal. Bus. and Prof. Code § 17208.   The total amount of missed rest breaks in controversy is calculated as follows:

(a)    These calculations conservatively assume Plaintiff Craft earned *only* the applicable California minimum wage rate of $8 per hour between June 10, 2013 and June 30, 2014; $9 per hour between July 1, 2014 and December 31, 2015; and $10 per hour between January 1, 2016 and December 31, 2016. Therefore, although Plaintiff may assert a higher rate given his actual earnings, these calculations reflect the *minimum* value of Plaintiff's claim.

(b)    Plaintiff drove for RWI Transportation 144 days between June 10, 2013 and June 30, 2014; 468 days between July 1, 2014 and December 31, 2015; and 200 days between January 1, 2016 and December 31, 2016. Plaintiff Craft claims he missed a rest break at "all" times that he drove for RWI Transportation.   **(*Id.* at ¶ 14.)**   Thus, the amount in controversy includes a premium for a missed rest break for each day that he drove for RWI Transportation.

(c)    June 10, 2013 to June 30, 2014: $8/hour minimum wage x 144 missed meal periods = $1,152.00.

---

[2]  Plaintiff only spent a small percentage of his time driving in California. Nonetheless, Plaintiff appears to be claiming that he is entitled to one hour of additional pay regardless of whether he worked in California or outside of California.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

(d)    July 1, 2014 to December 31, 2015: $9/hour minimum wage x 468 missed meal periods = $4,212.00.

(e)    January 1, 2016 to December 31, 2016: $10/hour minimum wage x 200 = $2,000.00.

c.  There is at least $7,364 in controversy based on missed meal periods.

21.    In his Second Cause of Action, Plaintiff alleges that RWI Transportation failed to provide timely, uninterrupted meal periods during the class period. **(Ex. A (Complt.), ¶ 43.)** Plaintiff claims that at "all" times during the class period, Plaintiff was required to work shifts lasting over five (5) hours without being provided a thirty (30) minute, uninterrupted, off-duty meal break. **(*Id.* at ¶ 17.)**  Plaintiff thus alleges a 100% violation rate for the days in which Plaintiff performed work for RWI Transportation. Plaintiff also alleges that Plaintiff "often" worked in excess of ten (10) hours without a second thirty (30) minute meal break. **(*Id.*)** *See Duberry*, 2015 U.S. Dist. LEXIS 99171, at *7.

22.    Plaintiff alleges he is entitled to one (1) additional hour of pay at the employee's regular rate of compensation for each day in which Plaintiff was not provided with timely statutory off-duty meal periods. Potential liability for Plaintiff's cause of action for missed meal periods amounts to **$7,364.00** for Plaintiff Craft alone.[3]  This calculation assumes the alleged four-year statute of limitations period, which encompasses Plaintiff's entire period of work for Defendant. *See* Cal. Bus. and Prof. Code § 17208.   The total amount of missed rest breaks in controversy is calculated as follows:

(a)    These calculations conservatively assume Plaintiff Craft earned *only* the applicable California minimum wage rate of $8 per hour between June 10, 2013 and June 30, 2014; $9 per hour between July 1, 2014 and December

---

[3] As with his claim for rest breaks, Plaintiff appears to be claiming that he is entitled to one hour of additional pay regardless of whether he worked in California or outside of California on the date in question.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

31, 2015; and $10 per hour between January 1, 2016 and December 31, 2016. Therefore, although Plaintiff may assert a higher rate given his actual earnings, these calculations reflect the *minimum* value of Plaintiff's claim.

(b)     Plaintiff drove for RWI Transportation 144 days between June 10, 2013 and June 30, 2014; 468 days between July 1, 2014 and December 31, 2015; and 200 days between January 1, 2016 and December 31, 2016. Plaintiff Craft claims he missed a rest break at "all" times that he drove for RWI Transportation. **(Ex. A (Complt.), ¶ 14.)** Thus, the amount in controversy includes a premium for a missed rest break for each day that he drove for RWI Transportation.

(c)     June 10, 2013 to June 30, 2014: $8/hour minimum wage x 144 missed meal periods = $1,152.00.

(d)     July 1, 2014 to December 31, 2015: $9/hour minimum wage x 468 missed meal periods = $4,212.00.

(e)     January 1, 2016 to December 31, 2016: $10/hour minimum wage x 200 = $2,000.00.

d. There is at least $2,400 in controversy based on Plaintiff's claim for waiting-time penalties.

23.     In his Sixth Causes of Action, Plaintiff seeks statutory waiting-time penalties under California Labor Code section 203.  Section 203 provides for one-day's wages for each day an employee who has separated from his or her employer is not paid all wages owed, up to a total of thirty days' of wages.  *See* Cal. Lab. Code § 203.  California Labor Code section 203 has a three-year statute of limitations, which covers the end of Plaintiff's work for Defendant in October 2016.  *See id.*  Plaintiff's claim for waiting-time penalties is derivative of his other allegations.  **(*See Id.* at ¶ 76.)** The amount in controversy for this claim is at least **$2,400.00**, calculated as follows:

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

9.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

(a)    Assuming Plaintiff no longer performed work for RWI Transportation after October 27, 2016, the last date on which Defendant's records reflect work performed by Plaintiff, Plaintiff's rate of pay would have been at least $10 per hour pursuant to the applicable California minimum wage.

(b)    The calculations assume that Plaintiff worked eight (8) hours per work day. (*See* **Ex. A (Complt.), ¶ 57** (alleging Plaintiff's work days were "nine (9) hours or more.").)

(c)    Thirty days' pay equals $2,400: $10/hour x 8 hours per day x 30 days = **$2,400.00**.

e.  There is $1,850 in controversy for failure to furnish timely and accurate wage statements.

24.    In his Seventh Cause of Action, Plaintiff alleges that Defendant failed to provide accurate and itemized wage statements under California Labor Code section 226, because the wage statements provided did not include "unpaid minimum wages, unpaid overtime, and missed meal and rest periods" in gross wages. (*Id.* at ¶ 80.) On that basis, Plaintiff alleges that he is owed $50 for the first pay period and $100 for each subsequent pay period he work, in which RWI Transportation failed to provide timely and accurate wage statements under California Labor Code section 226(e). (*Id.* at ¶ 79.)

25.    Plaintiff Craft was paid and by Defendant (and received a statement of such pay) at the end of each run, which lasted on average one week. Thus, Plaintiff Craft received "wage statements" for approximately 19 pay periods between June 19, 2016 (the beginning of the one-year statutory period for this claim) and October 27, 2016. Thus, Plaintiff's claim for violation of section 226(e) asserts a claim for an estimated **$1,850:** $50 x 1 (first pay period) + $100 x 18 (additional pay periods) = $1,850.

LITTLER MENDELSON, P.C
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

26.     Considering only a selection of Plaintiff Craft's claims for damages and penalties, the amount in controversy substantially exceeds the $75,000 amount-in-controversy threshold for diversity jurisdiction, as follows:

| | |
|---|---|
| Reimbursement of Business Expense / Deduction from Wages | $238,901 |
| Missed Rest Breaks | $7,364 |
| Missed Meal Periods | $7,364 |
| Waiting-Time Penalties | $2,400 |
| Wage Statement Penalties | $1,850 |
| **Total** | **$257,879** |

27.     Therefore, this Court has jurisdiction under 28 U.S.C. § 1332(a).

**B.     This Court Also Has Original Jurisdiction Over This Action Under the Class Action Fairness Act.**

28.     The Craft Action was brought as a class action under Cal. Code of Civ. Proc. § 382 (and as a representative PAGA action), with an alleged class of approximately 200 individuals. **(Ex. A (Complt.), ¶¶ 26-27.)** This Court also has Jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 USC § 1332(d), because there is at least minimal diversity between the parties and the aggregate amount in controversy for the purported class claims exceeds Five Million Dollars ($5,000,000.00).

1. The Parties Are Diverse Under CAFA.

29.     To establish jurisdiction under CAFA, there must be at least minimal diversity between the parties. 28 USC § 1332(d)(2).  CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

30.     Plaintiff is a citizen of California. (*Id.* at ¶ 6.)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

11.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

31.    For purposes of CAFA jurisdiction, an unincorporated association, such as a limited liability company, is a "citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 705 (4th Cir. 2010) (limited liability company is unincorporated association for CAFA purposes).

32.    Defendant RWI Transportation, LLC, is a limited liability company organized under the laws of Delaware.    Defendant maintains its headquarters, including both its corporate office and its corporate officers, from which it directs, controls, and coordinates Defendant's activities, in Hebron, Kentucky.  Accordingly, Defendant's principal place of business is in Kentucky, and Defendant is also a citizen of Kentucky. *See Hertz Corp. v. Friend*, 599 U.S. 77, 80-81 (2010).

33.    Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Kentucky under CAFA, the parties meet the standard for minimal diversity.

    2.  <u>Plaintiff Alleges Claims On Behalf Of More Than 100 Putative Class Members.</u>

34.    CAFA provides this Court with jurisdiction over a class action when "the number of members of all proposed plaintiff classes in the aggregate [is not] less than 100." 28 U.S.C. § 1332(d)(5)(B).  CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

35.    Plaintiff alleges in his Complaint over 200 current and former employees of Defendant in the putative class.  **(Ex. A (Complt.), ¶ 27.)**  This satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

    3.  <u>The Amount in Controversy For All Claims Exceeds $5 Million.</u>

36.    CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

LITTLER MENDELSON, P.C
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

12.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

37.     To remove a case from a state court to a federal court, a defendant must file a notice of removal containing a short and plain statement of the grounds for removal. *See Dart Cherokee Basin Operating Company LLC v. Brandon W. Owens*, 135 S. Ct. 547, 551 (2014).  When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. *See id*. The defendant's notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 554; *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (same).  Evidence establishing the amount in controversy is only required when plaintiff contests, or the court questions defendant's allegations. *See Dart*, 135 S. Ct. at 551.  "[N]o antiremoval presumption attends cases invoking CAFA." *Id*. at 554.

38.     "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" the jurisdictional minimum. 28 U.S.C. § 1332(d)(6).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's Complaint, not what a defendant will actually owe. *See Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Ibarra*, 775 F. 3d at 1198 n.1 (explaining that even when the court is persuaded the amount in controversy exceeds $5 million, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the damages in controversy).

39.     Although RWI Transportation denies that Plaintiff's claims have any merit, and likewise denies that this matter should be certified as a class action, when all claims of a class of at least 200 individuals are aggregated, the allegations in Plaintiff's Complaint and the amount in controversy substantially exceed this Court's

LITTLER MENDELSON, P.C
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

13.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

jurisdictional minimum of Five Million Dollars ($5,000,000.00) under CAFA. **(Ex. A (Complt.), ¶ 27).**

40.    Plaintiff Craft alleges his claims are typical of the proposed class. **(*See Id.* at ¶ 29.)** It is, therefore, reasonable to extrapolate the value of Plaintiff's claims across the putative class, adjusting for the length of his tenure of work with RWI Transportation relative to the average tenure of the putative class.

41.    Plaintiff has alleged that he seeks to represent a class of "all current and former California employees . . . who drove a truck as an 'independent contractor' for Defendant." **(*Id.* at ¶ 24.)** Defendant's records identify 192 current and former drivers who provided California residence addresses in connection with their work for RWI and who performed work between June 19, 2013 (four years prior to the filing of the Complaint) and June 19, 2017 (when the Complaint was filed).[4]

42.    Defendant's records reflect that Plaintiff worked for Defendant between January 27, 2014 and October 17, 2016, a period of 1005 days. The average tenure during the alleged class period of the 192 putative class members identified by Defendant was 455 days—45.3% of Plaintiff's tenure. Thus, for Plaintiff's claims that are variable by time and amount of work performed, it is reasonable to extrapolate 45.3% of the amount of Plaintiff's claim to each putative class member.

a. There is at least $20.8 million in controversy based on reimbursement of business expenses.

43.    Plaintiff seeks to recover business expenses incurred on behalf of the entire putative class through his Ninth and Tenth Causes of Action. *See* Paragraphs 16-18, *supra*.

44.    As explained in Paragraph 17, *supra*, Plaintiff has alleged a claim for reimbursement of business expenses of at least $238,901. All of these expenses, including fuel, lease payments, and insurance, logically vary proportionally to the

---

[4] This number excludes four drivers whose start and end dates for their work period were on the same day, indicating a high likelihood that they never performed any work for Defendant.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

amount of driving and/or the length of time over which work was performed.
Therefore, it is logical to extrapolate Plaintiff's claim to each putative class member at
a rate of 45.3% to adjust for the average tenure of the putative class members. Thus,
the amount in controversy for the class claim for reimbursement of business expenses
is, *conservatively*, **$20.8 million** (Plaintiff's minimum claim of $238,901 x 192
putative class members x 45.3% to adjust for average tenure of the putative class
relative to Plaintiff's tenure).[5]

        b. There is at least $640,491 in controversy based on missed
          rest breaks.

  45. In his Third Cause of Action, Plaintiff seeks to recover premium pay for
missed rest breaks on behalf of the entire putative class. *See* Paragraphs 19-20, *supra*.
Plaintiff alleges that RWI Transportation failed to authorize and permit uninterrupted
rest breaks during the class period. **(Ex. A (Complt.), ¶ 50.)** Plaintiff claims that at
"all" times during the class period, Plaintiff and other class members were required to
work shifts lasting over four (4) hours without being provided a ten (10) minute break.
**(Id. at ¶ 14.)** Plaintiff thus alleges a 100% violation rate on behalf of the entire
putative class who performed work for RWI Transportation. *See Duberry*, 2015 U.S.
Dist. LEXIS 99171, at *7.

  46. If Plaintiff's allegations are true, Plaintiff and other class members would
be entitled to one (1) additional hour of pay at the employee's regular rate of
compensation for each work period during each day in which Plaintiff and other class
members were not provided with timely statutory rest periods. Potential liability for
Plaintiff's individual claim for missed rest breaks amounts to a minimum of $7,364.
*See* Paragraph 20, *supra*. The number of rest breaks allegedly missed at a 100%
violation rate is logically proportional to the worker's tenure and number of trips
driven/days worked. Therefore, it is logical to extrapolate Plaintiff's claim to each
putative class member at a rate of 45.3% to adjust for the average tenure of the

---

[5] Rounded from $20,778,653.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

15.

Case No.

putative class members. Thus, the amount in controversy for the class claim for missed rest breaks is, *conservatively*, **$640,491** (Plaintiff's minimum claim of $7,364 x 192 putative class members x 45.3% to adjust for average tenure of the putative class relative to Plaintiff's tenure). This calculation conservatively estimates the potential claims, as it assumes—as assumed for Plaintiff individually, *supra*—that class members were earning no more than California minimum wage.

<div align="center">

c. There is at least $640,491 in controversy based on missed meal period.

</div>

47.    In his Second Cause of Action, Plaintiff seeks to recover premium pay for Defendant's alleged failure to provide meal periods on behalf of the entire putative class. *See* Paragraphs 21-22, *supra*. Plaintiff alleges that RWI Transportation failed to meal periods during the four year class period. **(Ex. A (Complt.), ¶ 43.)** Plaintiff claims that at "all" times during the class period, Plaintiff and other class members were required to work shifts lasting over five (5) hours without being provided a thirty (30) minute, uninterrupted, off-duty meal break. **(*Id.* at ¶ 17.)** Plaintiff thus alleges a 100% violation rate on behalf of the entire putative class who performed work for RWI Transportation. *See Duberry*, 2015 U.S. Dist. LEXIS 99171, at *7. In addition, Plaintiff alleges that he and other class members "often" worked in excess of ten (10) hours without a second thirty (30) minute meal break. **(*Id.*)**

48.    If Plaintiff's allegations are true, Plaintiff and other class members would be entitled to one (1) additional hour of pay at the employee's regular rate of compensation for each day in which Plaintiff and other class members were not provided with timely statutory rest periods. Potential liability for Plaintiff's individual claim for missed meal periods amounts to a minimum of $7,364. *See* Paragraph 22, *supra*. The number of meal periods allegedly missed at a 100% violation rate is logically proportional to the worker's tenure and number of trips driven/days worked. Therefore, it is logical to extrapolate Plaintiff's claim to each putative class member at a rate of 45.3% to adjust for the average tenure of the putative class members. Thus,

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

16.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

the amount in controversy for the class claim for missed meal periods is, *conservatively*, **$640,491** (Plaintiff's minimum claim of $7,364 x 192 putative class members x 45.3% to adjust for average tenure of the putative class relative to Plaintiff's tenure). This calculation conservatively estimates the potential claims, as it assumes—as assumed for Plaintiff individually, *supra*—that class members were earning no more than California minimum wage.

> d. There is at least $237,360 in controversy based on Plaintiff's claim for waiting-time penalties.

49.    In his Sixth Causes of Action, Plaintiff seeks statutory waiting-time penalties under California Labor Code section 203.  Section 203 provides for one-day's wages for each day an employee who has separated from his or her employer is not paid all wages owed, up to a total of thirty days' of wages. *See* Cal. Lab. Code § 203.  California Labor Code section 203 has a three-year statute of limitations, going back to June 19, 2014. *See id.*  Plaintiff's claim for waiting-time penalties is derivative of his other allegations on behalf of the members of the putative class who no longer work for Defendant. **(*See* Ex. A (Complt.), ¶ 76.)**

50.    Defendant's records identify 105 of the 192 putative class members who stopped working for Defendant between June 19, 2014 (the beginning of the three-year statutory period for this claim) and June 19, 2017 (the date the Complaint was filed).  Of those 107, 1 ended his work with Defendant before June 30, 2014 (when the California minimum wage was $8 per hour), 65 ended their work with Defendant between July 1, 2014 and December 31, 2015 (when the California minimum wage was $9 per hour), 27 ended their work with Defendant between January 1, 2016 and December 31, 2016 (when the California minimum wage was $10 per hour), and 12 ended their work with Defendant between January 1, 2017 and June 19, 2017 (when the California minimum wage was $10:50 per hour).  Thus, conservatively estimating waiting-time penalties based on an 8-hour work day at minimum wage, the amount in controversy on this class claim is reasonably calculated as **$237,360**, as follows:

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

(a)  1 x $8 x 8 hours x 30 days = $1,920

(b)  65 x $9 x 8 hours x 30 days = $140,400

(c)  27 x $10 x 8 hours x 30 days = $64,800

(d)  12 x $10.50 x. 8 hours x 30 days = $30,240

e.  There is $232,400 in controversy for failure to furnish timely and accurate wage statements.

51.     In his Seventh Cause of Action, Plaintiff alleges that Defendant failed to provide accurate and itemized wage statements under California Labor Code section 226, because the wage statements provided did not include "unpaid minimum wages, unpaid overtime, and missed meal and rest periods" in gross wages. **(Ex. A (Complt.), ¶ 80.)**  On that basis, Plaintiff alleges that the class members are owed $50 for the first pay period and $100 for each subsequent pay period in which RWI Transportation failed to provide timely and accurate wage statements under California Labor Code section 226(e).  *(Id.* at ¶ 79.)  This claim has a one-year statute of limitations period, which goes back to June 19, 2016.

52.     Plaintiff Craft and other putative class members were paid (and provided statements of such pay) at the end of each run, which lasted on average one week. Thus, Plaintiff Craft received "wage statements" for approximately 19 pay periods between June 19, 2016 (the beginning of the one-year statutory period for this claim) and October 27, 2016. *See* Paragraphs 24-27, *supra*.

53.     Defendant's records identify 84 of the 192 putative class members who worked for RWI between June 19, 2016 (the beginning of the one-year statutory period for this claim) and June 19, 2017 (the date the Complaint was filed). For each of those 84 drivers, Defendant estimated the number of pay periods worked by taking the total number of days during their work tenure and dividing by seven.  By applying the calculation of $50 for the first pay period and $100 for each subsequent pay period

LITTLER MENDELSON, P.C
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

18.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

for each individual, Defendant estimates the total potential liability on this claim to be **$232,400**.[6]

54.    Thus, considering only a selection of Plaintiff Craft's claims for damages and penalties on behalf of the putative class, the amount in controversy substantially exceeds the $5 million amount-in-controversy threshold for CAFA jurisdiction, as follows:

| | |
|---|---|
| Reimbursement of Business Expense / Deduction from Wages | $20,778,653 |
| Missed Rest Breaks | $640,491 |
| Missed Meal Periods | $640,491 |
| Waiting-Time Penalties | $237,360 |
| Wage Statement Penalties | $232,400 |
| **Total** | **$22,529,395** |

55.    The $22,529,395 total is over the jurisdictional minimum of $5 million. *See* 28 U.S.C. § 1332(d)(2). This is before adding wages or penalties arising out of Plaintiff's causes of action for failure to separately pay for non-driving work (minimum wages), for overtime, or for any attorneys' fees.

56.    Therefore, this Court has jurisdiction under 28 U.S.C. § 1332(d).

## IV.

## VENUE

57.    Venue is proper in this Court because Plaintiff originally filed this action in Los Angeles County Superior Court, located within the District and Division of the Court. *See* 28 U.S.C. § 1446(a).

---

[6] Forty-four of these 84 drivers worked a sufficient length of time to exceed the maximum penalty of $4,000 under section 226 using this calculation, so the claim for each of those 44 was counted as $4,000.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

19.    Case No.

## V.

## EXHIBITS

58.    Pursuant to 28 U.S.C. § 1446(a), the following are attached as Exhibits hereto:

(a)    a copy of the Craft Action (and associated process) is attached hereto as **Exhibit A**;

(b)    a copy of Defendant's Answer filed on July 17, 2017, and the associated proof of service, as **Exhibit B**; and

(c)    a copy of the "Notice of Initial Status Conference," with exhibits and proof of service, served by Plaintiff on July 12, 2017, and received by Defendant on July 17, 2017, as **Exhibit C**.

## VI.

## NOTICE TO PLAINTIFF AND STATE COURT

59.    Promptly after the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Orange, California as required by 28 U.S.C. section 1446(d).

WHEREFORE, RWI Transportation gives notice that it has removed to this Court the above action now pending in the Superior Court of California, County of Los Angeles, Central District.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

20.

Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1    Dated:  July 18, 2017

2

3                                              /s/ Angela J. Rafoth
                                               RICHARD H. RAHM
4                                              ANGELA J. RAFOTH
                                               JULIE A. STOCKTON
5                                              LITTLER MENDELSON, P.C.
                                               Attorneys for Defendant
6                                              RWI TRANSPORTATION, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21.                                    Case No.

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT A



**Service of Process Transmittal**
06/20/2017
CT Log Number 531437664

TO:    GEORGE H VINCENT
Dinsmore & Shohl
255 E 5th St Ste 1900
Cincinnati, OH 45202-1971

RE:    **Process Served in California**

FOR:    RWI Transportation LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LARRY CRAFT, etc., Pltf. vs. RWI TRANSPORTATION, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC665578 |
| **NATURE OF ACTION:** | Class Action - For all unpaid minimum wages and liquidated damages due to Plaintiff and each 4 Class member on their minimum wage claim |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/20/2017 at 13:28 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served |
| **ATTORNEY(S) / SENDER(S):** | Brian S. Kabateck<br>KABATECK BROWN KELLNER LLP<br>644 S. Figueroa Street<br>LosAngeles, CA 90017<br>(213) 217-5000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1Z0399EX0106780497 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

RWI Transportation c/o CT Corp.
818 W. 7th Street
Los Angeles

1:30

6-20-17

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RWI TRANSPORTATION, LLC, a Delaware Limited Liability
Company; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LARRY CRAFT, an individual, on behalf of himself and all others
similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 19 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glenetta Robinson, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER: <br> *(Número del Caso):* BC 665578 |
|---|---|

111 N. Hill Street
Los Angeles, CA 90017

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

SHERRI R. CARTER

DATE: June JUN 19 2017 .                    Clerk, by _____ , Deputy
*(Fecha)*                                       *(Secretario)* Glenetta Robinson    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 19 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

RWI TRANSPORTATION, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

LARRY CRAFT, an individual, on behalf of himself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es:) Los Angeles Superior Court | CASE NUMBER (Número del Caso): BC 665578 |
|---|---|

111 N. Hill Street
Los Angeles, CA 90017

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)

SHERRI R. CARTER

DATE: June JUN 19 2017
(Fecha)

Clerk, by _____, Deputy
(Secretario)   Glorietta Robinson   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify):

under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Service of Process for RWI Transportation

Documents included:

1.  Summons
2.  Complaint
3.  Civil Case Cover Sheet
4.  Civil Case Cover Sheet Addendum
5.  Civil Deposit
6.  Notice of Case Assignment
7.  ADR Package

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RWI TRANSPORTATION, LLC, a Delaware Limited Liability
Company; and DOES 1 through 50, inclusive

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 19 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LARRY CRAFT, an individual, on behalf of himself and all others
similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER *(Número del Caso):* BC 665578 |
|---|---|

111 N. Hill Street
Los Angeles, CA 90017

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

SHERRI R. CARTER

| DATE: June 19, 2017 *(Fecha)* | Clerk, by *(Secretario)* | Glorietta Robinson | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Brian S. Kabateck, SBN 152054; Cheryl Kenner, SBN 305758; Shant Karnikian, SBN 285048<br>644 S. Figueroa Street<br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213-217-5000     FAX NO.: 213-217-5010<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 19 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Glorietta Robinson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Larry Craft, an individual v. RWI TRANSPORTATION, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 665578 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 11: California Labor Code violations; violation of UCL
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 19, 2017
Cheryl Kenner
_____
(TYPE OR PRINT NAME)       ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE: Larry Craft, an individual v. RWI TRANSPORTATION, LLC, | CASE NUMBER BC 6 6 5 5 7 8 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Larry Craft, an individual v. RWI TRANSPORTATION, LLC, | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 · |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach –Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Larry Craft, an individual v. RWI TRANSPORTATION, LLC, | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|

| | | |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Larry Craft, an Individual v. RWI TRANSPORTATION, LLC, | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90012 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 19, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1  Brian S. Kabateck, State Bar No. 152054
2  bsk@kbklawyers.com
   Cheryl A. Kenner, State Bar No. 305758
3  ck@kbklawyers.com
   KABATECK BROWN KELLNER LLP
4  644 S. Figueroa Street
5  Los Angeles, CA 90017
   Tel.: (213) 217-5000
6  Fax: (213) 217-5010

7  Attorneys for Plaintiff LARRY CRAFT and
   all others similarly situated
8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF LOS ANGELES   BC 6 6 5 5 7 8

11  LARRY CRAFT, an individual, on       Case No.
    behalf of himself and all others similarly
12  situated,                            CLASS ACTION AND PAGA COMPLAINT
13                                        FOR:
                   Plaintiff,            (1)  MISCLASSIFICATION OF
14                                             EMPLOYEES; VIOLATION OF LABOR
                                               CODE § 226.8(a)(1);
15       v.                              (2)  FAILURE TO PROVIDE MEAL
                                               PERIODS;
16  RWI TRANSPORTATION, LLC, a           (3)  FAILURE TO PROVIDE REST BREAKS;
    Delaware Limited Liability Company;  (4)  FAILURE TO PAY OVERTIME WAGES;
17  and DOES 1 through 50, inclusive,    (5)  FAILURE TO PAY MINIMUM WAGES;
                                         (6)  FAILURE TO PAY ALL WAGES UPON
18                 Defendants.                 SEPARATION;
19                                       (7)  FAILURE TO FURNISH TIMELY AND
                                               ACCURATE WAGE STATEMENTS;
20                                       (8)  FAILURE TO PAY ALL WAGES OWED
                                               EVERY PAY PERIOD;
21                                       (9)  FAILURE TO REIMBURSE BUSINESS
                                               EXPENSES;
22                                       (10) UNLAWFUL DEDUCTIONS FROM
23                                             WAGES;
                                         (11) PENALTIES PURSUANT TO
24                                             CALIFORNIA LABOR CODE § 2698, *et
                                               seq.* ("PAGA"); AND
25                                       (12) VIOLATION OF CALIFORNIA'S
26                                             UNFAIR COMPETITION ACT ("UCL"),
                                               BUS. & PROF. CODE § 17200 *et seq.*
27
                                              DEMAND FOR JURY TRIAL
28

─────────────────────────────────────────
          CLASS ACTION AND PAGA COMPLAINT

1    Plaintiff LARRY CRAFT ("CRAFT"), by and through his undersigned attorneys, for

2    this Class Action and PAGA Complaint against Defendant RWI TRANSPORTATION, LLC;

3    and DOES 1 through 50 (collectively, "Defendants"), respectfully alleges the following:

4                              **NATURE OF THE ACTION**

5         1.    This is a class and PAGA action for wage and labor violations arising out of,

6    among other things, Defendants' misclassification of employees, failure to pay wages, pay

7    overtime, and provide meal and rest breaks to their employee drivers.

8         2.    As more fully set forth herein, Defendants intentionally misclassified employees

9    as independent contractors; failed to pay for all time worked every pay period, specifically

10   including required minimum wages and daily overtime; failed to provide off-duty meal and rest

11   periods to their California drivers in accordance with California Labor Code section 226.7 and

12   the Industrial Welfare Commission's ("IWC") Industrial Wage Order No. 9-2001, section 11(a);

13   failed to pay their drivers one (1) hour of pay at their regular rate of compensation for each

14   instance that Defendants failed to provide statutorily mandated rest periods and off-duty meal

15   periods; failed to reimburse business expenses; unlawfully deducted amounts from drivers'

16   wages; and for penalties arising from Defendants' issuing inaccurate wage statements to their

17   drivers.

18        3.    Plaintiff seeks to represent the following Class:

19             All current and former California employees of Defendant RWI

20             TRANSPORTATION, LLC employed in California, at any time

21             beginning four (4) years prior to the filing of the Complaint through

22             the date notice is mailed to the Class (the "Class Period"), and who

23             drove a truck as an "independent contractor" for Defendants.

24                             **JURISDICTION AND VENUE**

25        4.    This Court has jurisdiction over the entire action by virtue of the fact that this is a

26   civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the

27   jurisdictional minimum of the Court.  The acts and omissions complained of in this action took

28   place in the State of California, and at least one Defendant resides in the state of California.

<center>2</center>

<center>**CLASS ACTION AND PAGA COMPLAINT**</center>

1 | Venue is proper because this is a class action, the acts and/or omissions complained of took

2 | place, in whole or in part within the venue of this Court, and/or one or more Defendants reside

3 | within the venue of this court.

4 |        5.      A substantial number of Plaintiff LARRY CRAFT'S work for Defendants took

5 | place within Los Angeles County, and Defendant maintains an office in Los Angeles, California.

6 | **PARTIES**

7 |        6.      Plaintiff LARRY CRAFT was, at all relevant times, a citizen of the State of

8 | California.  CRAFT was employed by Defendants as a driver whom Defendants classified as an

9 | independent contractor, from January 2014 through October 2016, which is during the Class

10 | Period as alleged herein.

11 |        7.      Defendant RWI TRANSPORTATION, LLC is a Delaware Limited Liability

12 | Company licensed to do and doing business in the State of California.  At all times relevant

13 | during the Class Period, Defendant had and has a registered agent for service of process at 2

14 | Plum Street, Wilder, Kentucky, 41076.  Defendant RWI TRANSPORTATION, LLC is and has

15 | been at various relevant times a Delaware Limited Liability Company engaged in the

16 | transportation industry.  RWI TRANSPORTATION, LLC has agreements with shipping

17 | companies that require RWI TRANSPORTATION, LLC to transport cargo and containers in

18 | California to specified locations within California.  RWI TRANSPORTATION, LLC maintains

19 | a logistics office in Los Angeles, California in the County of Los Angeles in the State of

20 | California and a terminal in Bloomington, California in the County of San Bernardino in the

21 | State of California and has conducted business at all times relevant to this lawsuit in, among

22 | other places, the County of Los Angeles in the State of California.

23 |        8.      Plaintiff is currently ignorant of the true names and capacities, whether individual,

24 | corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does

25 | 1 through 50, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiff

26 | will seek leave to amend this complaint to allege the true names and capacities of said fictitiously

27 | named Defendants when their true names and capacities have been ascertained.  Plaintiff is

28 | informed and believes and thereon alleges that each of the fictitiously named Defendants is

<div align="center">3</div>

1    legally responsible in some manner for the events and occurrences alleged herein, and for the

2    damages suffered by the Class.

3         9.       Plaintiff is informed and believes and thereon alleges that all Defendants,

4    including the fictitious Doe Defendants, were at all relevant times acting as actual agents,

5    conspirators, ostensible agents, partners and/or joint venturers and/or employees of all other

6    defendants, and that all acts alleged herein occurred within the course and scope of said agency,

7    employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or

8    implied permission, knowledge, consent, authorization and ratification of their co-defendants;

9    however, each of these allegations are deemed "alternative" theories whenever not doing so

10   would result in a contradiction with other allegations.

11                        **FACTS COMMON TO ALL CAUSES OF ACTION**

12        10.      Defendants provide various shipping services throughout California.

13        11.      At all times during the Class Period, Defendants employed Plaintiff and Class

14   members as truck drivers in providing Defendants' services.

15        12.      At all times during the Class Period, Defendants employed Plaintiff and the Class

16   as "independent contractors," even though the work performed and conditions of employment

17   were that of an "employee."  The conditions and requirements of employment with Defendants,

18   include but are not limited to:

19              i.   Defendants arrange and provide drivers trucks to lease their trucks and/or

20                   refers drivers to specific third parties and guarantees those leases and pays

21                   the third parties for those leases;

22             ii.   Defendants require Plaintiff and other Class members to maintain their trucks

23                   and other equipment in good, safe operating condition and appearance;

24            iii.   Defendants forbid drivers from using their leased trucks to work for other

25                   carriers;

26            iv.    Defendants impose and imposed specific criteria and eligibility requirements

27                   on Plaintiff and other Class members with respect to their eligibility to work

28                   for Defendants;

**CLASS ACTION AND PAGA COMPLAINT**

  v. Defendants direct and control the way the drivers perform their work, including controlling their schedule, when and where they deliver cargo and containers, and how they work;

  vi. Plaintiff and other Class members incurred business related expenses that Defendants did not reimburse, including but not limited to, cellular phone service, load locks, e-logs, and paid his e-log monthly service charge;

  vii. Defendants deducted business expenses from Plaintiff and other Class members' wages for operating and maintaining their trucks, including repairs, maintenance, fuel, tires, taxes, plates, permits, licenses, Truck Stop Scanning, insurance, and various administrative fees associated with said expenses;

  viii. The services Plaintiff and other drivers perform were and are a regular part of RWI TRANSPORTATION, LLC'S business;

  ix. Plaintiff and other drivers did not and do not incur a profit or loss per se on the deliveries;

  .x. Plaintiff and other drivers had and have no significant opportunity for profit or loss other than working more hours;

  xi. Plaintiff and other drivers are not skilled workers with substantial control over operational details;

  xii. Plaintiff and other drivers took and take all necessary instructions from Defendants, given the nature of the trucking business;

  xiii. Plaintiff and other drivers are required to work exclusively for Defendants;

  xiv. Plaintiff and other drivers did not and do not have their own customers;

  xv. Plaintiff did not have the mandatory U.S. Department of Transportation (DOT) operating authority or other necessary permits and/or licenses to independently engage in the transport of cargo;

  xvi. Defendants require and required Plaintiff and other drivers to attend unpaid safety meetings;

  xvii. Defendants require Plaintiffs to maintain the cleanliness of the truck and to

<div align="center">5</div>

1        conduct to pre- and post-trip inspections;

2        xviii.  Defendants forbid Plaintiffs from using their trucks to work for other carriers

3              and allow Plaintiff and other drivers to park their trucks in Defendants' yard

4              overnight;

5        xix.  Plaintiff and other drivers were and are subject to retaliation by Defendants

6              for requesting time off and/or rejecting jobs;

7        xx.  Plaintiff was subject to discipline by Defendants for incurring traffic

8              violations and rejecting jobs; and

9        xxi.  Defendants can discipline and terminate Plaintiff and other drivers without

10             cause at any time.

11       13.    Defendants exercised that same dominion and control over every driver that

12   Defendants employed during the Class Period.

13       14.    At all times during the Class Period, Plaintiff and Class members were assigned to

14   and required to work shifts lasting over four (4) hours, and were not provided nor allowed to take

15   a ten (10) minute, uninterrupted rest break during each such shift or four (4) hour work period.

16       15.    At all times during the Class Period, Plaintiff and Class members were assigned to

17   and required and permitted to work without pay, while performing tasks including, but not

18   limited to:  driving Defendants' trucks to their assigned destinations, attending safety meetings.

19   performing pre- and post-trip inspections.  Plaintiff and Class members were not compensated

20   for this work.

21       16.    At all times during the Class Period, Plaintiff and Class members worked in

22   excess of eight (8) hours per work day or forty (40) hours per work week.  Defendants failed to

23   pay for hours worked in excess of eight (8) hours per day.  Defendants failed to pay current and

24   former drivers 1.5 times their regular rate of pay for hours worked in excess of eight (8) hours

25   per day or forty (40) hours per workweek.  Defendants also failed to pay employees at a rate no

26   less than twice the regular rate of pay for work in excess of twelve (12) hours in one (1) day or

27   for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in a

28   workweek.

CLASS ACTION AND PAGA COMPLAINT

17.     At all times during the Class Period, Plaintiff and Class members were assigned to and required to work for periods lasting in excess of five (5) hours and were not provided or allowed to take a thirty (30) minute, uninterrupted, off-duty meal break.  Moreover, Plaintiff and Class members often worked in excess of ten (10) hours without a second thirty (30) minute meal break.

18.     At all times during the Class Period, Defendants failed to authorize and permit rest breaks during the Class Period.  Plaintiff and Class members were routinely required to work through rest periods at the direction of Defendants and/or with Defendants' knowledge and acquiescence.

19.     At all times during the Class Period, Defendants failed to pay Class members for all hours worked.  Thus, Defendants did not and does not pay Plaintiff and Class members minimum wage in accordance with California law and, because Plaintiff and Class members worked shifts over eight (8) hours in duration, Defendants did not and does not pay them overtime wages in accordance with California law.

20.     At all times during the Class Period, Defendants failed to reimburse Plaintiff and Class members for the business expenses they incurred.

21.     At all times during the Class Period, Defendants unlawfully deducted amounts from Plaintiff's and Class Members' wages for costs Defendants were legally obligated to pay.

22.     Defendants' conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation.  Defendants are liable to Plaintiff and the Class for failing to pay minimum wages, failing to pay overtime wages, failing to pay all wages owed on each pay period, failure to provide timely and accurate wage statements, failure to pay all wages owed upon termination, and unfair competition.

23.     Plaintiff is a member of and seeks to be the representative for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

24.     Plaintiff brings this action on behalf of himself and all others similarly situated

7

1   and as a Class member defined as follows:

2         All current and former California employees of Defendants RWI

3         TRANSPORTATION, LLC employed in California, at any time

4         beginning four (4) years prior to the filing of the Complaint through

5         the date notice is mailed to the Class (the "Class Period"), and who

6         drove a truck as an "independent contractor" for Defendant.

7       25.   Plaintiff reserves the right to amend or otherwise alter the Class definition

8   presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response

9   to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

10       26.   This action has been brought and may be properly maintained as a class action

11   pursuant to the provisions of California Code of Civil Procedure section 382 (hereinafter

12   "section 382") and other applicable law.

13       27.   <u>Numerosity of the Class</u>:  Pursuant to section 382, Class members are so

14   numerous that their individual joinder is impracticable.  Plaintiff estimates, on information and

15   belief, that there are over two hundred (200) current and former aggrieved employees of

16   Defendants employed as drivers in California during the Class Period.  The precise number of

17   Class members and their addresses are known to Plaintiff or will be known to Plaintiff through

18   discovery.  Class members may be notified of the pendency of this action by mail, electronic

19   mail, the Internet, or published notice.

20       28.   <u>Existence of Predominance of Common Questions of Fact and Law</u>:  Pursuant

21   to section 382, common questions of law and fact exist as to all Class members.  These questions

22   predominate over any questions affecting only individual Class members.  These common legal

23   and factual questions include:

24         a.   Whether Defendants willfully misclassified employee drivers as

25         "independent contractors," in violation of California Labor Code section 226.8(a)(1).

26         b.   Whether Plaintiff and each Class member were not paid minimum wage

27         for each hour worked or part thereof during which they were required to perform acts

28         at the direction and for the benefit of Defendants;

<div align="center">8</div>

<div align="center">CLASS ACTION AND PAGA COMPLAINT</div>

c.      Whether Defendants engaged in a pattern or practice of failing to pay
Plaintiff and Class members who worked as drivers in California for the total hours
worked during the Class Period;

d.      Whether Defendants violated California Labor Code section 226.7 and/or
section 512 and engaged in a pattern or practice of failing to provide timely, off-duty
thirty (30) minute meal periods to Plaintiff and Class members who worked as
drivers in California during the Class Period;

e.      Whether Defendants engaged in a pattern or practice of impeding Plaintiff
and Class members who worked as drivers in California during the Class Period
from taking statutory off-duty thirty (30) minute meal periods on a timely basis;

f.      Whether Defendants engaged in a pattern or practice of failing to properly
compensate Plaintiff and Class members who worked as drivers in California during
the Class Period for missed, untimely, or on-duty meal periods as required by
California law;

g.      Whether Defendants violated California Industrial Welfare Commission
("IWC") Order No. 9, section 11 by failing to provide Plaintiff and Class members
who worked as drivers in California during the Class Period with timely off-duty
thirty (30) minute meal periods;

h.      Whether Defendants engaged in unfair practice and violated California
Business and Professions Code section 17200 by failing to provide Plaintiff and
Class members who worked as drivers in California during the Class Period with
their statutory off-duty meal periods on a timely basis;

i.      Whether Defendants maintained accurate time records of off-duty thirty
(30) minute meal breaks taken by Plaintiff and Class members during the Class
Period in accordance with section 7 of IWC Wage Order No. 9-2001;

j.      Whether Defendants violated California Labor Code section 226(a) by
issuing inaccurate itemized wage statements to Plaintiff and Class members that
failed to include payments for missed, untimely, and/or on-duty meal periods among

9

wages earned throughout the Class Period;

k.    Whether Defendants violated California Labor Code section 226 by issuing inaccurate itemized wage statements to Plaintiff and Class members that failed to accurately state the total hours worked, to the detriment of Plaintiff and the Class;

l.    Whether Defendants failed to compensate Plaintiff and Class members, and therefore violated IWC Wage Order No. 9-2001 and California Labor Code section 226.7, by failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of four (4) hours;

m.    Whether Defendants engaged in a pattern or practice of failing to properly compensate Plaintiff and Class members who worked as drivers in California during the Class Period for failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of four (4) hours;

n.    Whether Defendants engaged in a pattern or practice of failing to pay appropriate amounts of overtime pay to Plaintiff and the Class for hours worked in excess of eight (8) hours in a day;

o.    Whether Defendants violated section 510 of the California Labor Code by failing to pay overtime pay to Plaintiff and the Class for hours worked in excess of eight (8) hours in a day;

p.    Whether Defendants violated IWC's Wage Order No. 9-2001, section 3 by failing to pay overtime to Plaintiff and Class members for hours worked in excess of eight (8) hours in a day;

q.    Whether Defendants violated California Labor Code sections 218.5, 204, 1197, and 1198 by failing to compensate Plaintiff and Class members for those acts Defendants required Plaintiff and Class members to perform for the benefit of Defendants;

r.    Whether Defendants violated California Labor Code section 221 by unlawfully deducting amounts from Plaintiff and Class members' wages;

10

s.      Whether Defendants violated California Labor Code section 2802 by

failing to reimburse Plaintiff and Class members for business expenses they incurred;

and

t.      The nature and extent of classwide injury and the measure of damages for

the injury.

29.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the

Class he represents because Plaintiff, as a driver of Defendants, was exposed and subjected to the

same unlawful business practices as other drivers employed by Defendants during the Class

Period. Plaintiff and the members of the Class he represents sustained the same types of

damages and losses.

30.     **Adequacy**: Plaintiff is an adequate representative of the Class he seeks to

represent because his interests do not conflict with the interests of the members of the Class

Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex

class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of

Class members will be fairly and adequately protected by Plaintiff and his counsel.

31.     **Superiority and Substantial Benefit**: The class action is superior to other

available means for the fair and efficient adjudication of Plaintiff's and Class members' claims.

The damages suffered by each individual Class member may be limited. Damages of such

magnitude are small given the burden and expense of individual prosecution of the complex and

extensive litigation necessitated by Defendants' conduct. Further, it would be virtually

impossible for Class members to redress the wrongs done to them on an individual basis. Even if

Class members themselves could afford such individual litigation, the court system could not.

Individualized litigation increases the delay and expense to all parties and the court system, due

to the complex legal and factual issues of the case. By contrast, the class action device presents

far fewer management difficulties, and provides the benefits of single adjudication, economy of

scale, and comprehensive supervision by a single court.

32.     The Class should also be certified because:

a. The prosecution of separate actions by individual Class members would create a

11

**CLASS ACTION AND PAGA COMPLAINT**

1   risk of inconsistent or varying adjudications for individual Class members, which would

2   establish incompatible standards of conduct for Defendants;

3          b. The prosecution of separate actions by individual Class members would create a

4   risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the

5   interests of the other Class members not parties to the adjudications, or substantially impair or

6   impede their ability to protect their interests; and

7          c. Defendants have acted or refused to act on grounds generally applicable to the

8   Class, and/or the general public, thereby making appropriate final and injunctive relief with

9   respect to the Class as a whole.

10                          **FIRST CAUSE OF ACTION**

11   **(Violation of California Labor Code Section 226.8- Intentional Misclassification of
     Employees (Recovery of the Civil Penalties in California Labor Code §§**

12                  **226.8(b), (c), (e) (f) and (h))**
                       **(Against All Defendants)**

13

14        33.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

15   herein.

16        34.    It is unlawful for any person or employer to willfully misclassify an individual as

17   an independent contractor. Cal. Lab. Code section 226.8(a)(1). "'Willful misclassification'

18   means avoiding employee status for an individual by voluntarily and knowingly misclassifying

19   that individual as an independent contractor." Cal. Lab. Code section 226.8(i)(4).

20        35.    If a person or employer willfully misclassifies an individual as an independent

21   contractor, the person or employer shall be subject to a civil penalty of not less than five

22   thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each

23   violation, in addition to any other penalties or fines permitted by law. Cal. Lab. Code section

24   226.8(b).

25        36.    If the person or employer engages in a pattern or practice of willfully

26   misclassifying individuals as independent contractors, the person or employer shall be subject to

27   a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five

28   thousand dollars ($25,000) for each violation, in addition to any other penalties or fines

                                          12

1   permitted by law.  Cal. Lab. Code section 226.8(c).

2       37.    Defendants are violating and have violated California Labor Code section

3   226.8 by willfully misclassifying many of their employees, past and present, including Plaintiff,

4   as independent contractors.

5       38.    Defendants are engaging in and have engaged in a pattern and practice of

6   misclassifying their employees as independent contractors to avoid the taxes, insurance and

7   other costs that accompany employees.

8                            **SECOND CAUSE OF ACTION**
9               **UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS**
    **(Violation of California Labor Code §§ 512 and 226.7; IWC Wage Order No. 9-2001, § 11)**
10                         **(Against All Defendants)**

11      39.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

12  herein.

13      40.    California Labor Code section 226.7(b) provides, "An employer shall not require

14  an employee to work during a meal or rest or recovery period mandated pursuant to an

15  applicable statute, or applicable regulation, standard, or order of the Industrial Welfare

16  Commission, the Occupational Safety and Health Standards Board, or the Division of

17  Occupational Safety and Health."

18      41.    IWC Order No. 9-2001(11)(A) provides that "No employer shall employ any

19  person for a work period of more than five (5) hours without a meal period of not less than 30

20  minutes, except that when a work period of not more than six (6) hours will complete the day's

21  work the meal period may be waived by mutual consent of the employer and the employee."

22      42.    Section 512(a) of the California Labor Code provides, in pertinent part, that: "An

23  employer may not employ an employee for a work period of more than five hours per day

24  without providing the employee with a meal period of not less than 30 minutes, except that if

25  the total work period per day of the employee is no more than six hours, the meal period may be

26  waived by mutual consent of both the employer and employee.  An employer may not employ

27  an employee for a work period of more than 10 hours per day without providing the employee

28  with a second meal period of not less than 30 minutes, except that if the total hours worked is no

13

**CLASS ACTION AND PAGA COMPLAINT**

1  more than 12 hours, the second meal period may be waived by mutual consent of the employer

2  and the employee only if the first meal period was not waived."

3      43.    As alleged herein, Defendants failed to authorize and permit uninterrupted meal

4  breaks during the Class Period.  Plaintiff and Class members were routinely required to work

5  without an uninterrupted meal break at the direction of Defendants and/or with Defendants'

6  knowledge and acquiescence.

7      44.    By their actions in requiring their employees to work through meal periods and/or

8  their failure to relieve drivers of their duties for their off-duty meal periods, Defendants have

9  violated California Labor Code section 226.7 and section 11 of IWC Wage Order No. 9-2001

10  and are liable to Plaintiff and the Class.

11      45.    As a result of the unlawful acts of Defendants, Plaintiff and Class members have

12  been deprived of timely off-duty meal periods and are entitled to recovery under California

13  Labor Code section 226.7(b) and section 11 of IWC Wage Order No. 9-2001, in the amount of

14  one (1) additional hour of pay at the employee's regular rate of compensation for each work

15  period during each day in which Defendants failed to provide their drivers with timely statutory

16  off-duty meal periods.

17
18                          **THIRD CAUSE OF ACTION**
                **UNLAWFUL FAILURE TO PROVIDE REST PERIODS**
19      **(Violation of California Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No.
                                    9-2001, § 12)**
20                          **(Against All Defendants)**

21      46.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

22  herein.

23      47.    California Labor Code section 226.7(b) provides, "An employer shall not require

24  an employee to work during a meal or rest or recovery period mandated pursuant to an

25  applicable statute, or applicable regulation, standard, or order of the Industrial Welfare

26  Commission, the Occupational Safety and Health Standards Board, or the Division of

27  Occupational Safety and Health."

28      48.    IWC Wage Order No. 9-2001(12)(A) provides in pertinent part, "Every employer

                                    14

1  shall authorize and permit all employees to take rest periods, which insofar as practicable shall

2  be in the middle of each work period.  The authorized rest period time shall be based on the

3  total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

4  fraction thereof.  However, a rest period need not be authorized for employees whose total daily

5  work times is less than three and one-half (3 ½) hours.  Authorized rest period time shall be

6  counted as hours worked for which there shall be no deduction from wages."

7      49.    IWC Wage Order No. 9-2001 (12)(B) further provides, "If an employer fails to

8  provide an employee a rest period in accordance with the applicable provisions of this order, the

9  employer shall pay the employee one (1) hour of pay at the employee's regular rate of

10  compensation for each workday that the rest period is not provided."

11      50.    As alleged herein, Defendants failed to authorize and permit rest breaks during

12  the Class Period.  Plaintiff and Class members were routinely required to work through rest

13  periods at the direction of Defendants and/or with Defendants' knowledge and acquiescence.

14      51.    By their actions in requiring their employees during the Class Period to work

15  through rest periods, Defendants violated section 12 of IWC Wage Order No. 9-2001 and

16  California Labor Code section 226.7 and are liable to Plaintiff and the Class.

17      52.    Defendants' unlawful conduct alleged herein occurred in the course of

18  employment of Plaintiff and all others similarly situated and such conduct has continued

19  through the filing of this complaint.

20      53.    As a direct and proximate result of Defendants' unlawful action, Plaintiff and the

21  Class have been deprived of timely rest periods and/or were not paid for rest periods taken

22  during the Class Period and are entitled to recovery under California Labor Code section

23  226.7(c) in the amount of one additional hour of pay at the employee's regular rate of

24  compensation for each work period during each day in which Defendants failed to provide

25  employees with timely and/or paid rest periods.

26  ///

27  ///

28  ///

15

CLASS ACTION AND PAGA COMPLAINT

### FOURTH CAUSE OF ACTION
**UNLAWFUL FAILURE TO PAY ALL OVERTIME AND DOUBLE TIME WAGES**
**(Violation of California Labor Code §§ 510 and 1194; Wage Order No. 9-2001, § 3 )**
**(Against All Defendants)**

54. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

55. Section 510 of the California Labor Code provides that, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee . . . ."

56. Section 3(a)(1) of Wage Order No. 9-2001 also mandates that employers pay 1.5 times the employees' regular rate of pay for employees who work more than eight (8) hours in a day or forty (40) hours in a week, and two (2) times their regular rate of pay for any work in excess of twelve (12) hours in one day.

57. At all relevant times, Plaintiff and Class members were non-exempt for purposes of the overtime and double pay requirements set forth in the California Labor Code and Wage Order No. 9-2001. In addition, during the Class Period, Plaintiff and other Class members consistently worked three (3) to five (5) days per week for nine (9) hours or more.

58. Plaintiff seeks to recover unpaid overtime and double-time compensation in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
**UNLAWFUL FAILURE TO PAY MINIMUM WAGES**
**(Violation of California Labor Code §§ 510, 1194, 1194.2, and 1197; Wage Order No. 9-2001, § 4)**
**(Against All Defendants)**

59. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

60. California Labor Code section 510 provides in pertinent part, "Eight hours of

16

1    labor constitutes a day's work. Any work in excess of eight hours in one workday and any

2    work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh

3    day of work in any one workweek shall be compensated at the rate of no less than one and one-

4    half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day

5    shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In

6    addition, any work in excess of eight hours on any seventh day of a workweek shall be

7    compensated at the rate of no less than twice the regular rate of pay of an employee."

8        61.     California Labor Code section 1197 provides in pertinent part that "The minimum

9    wage for employees fixed by the commission or by any applicable state or local law, is the

10   minimum wage to be paid to employees, and the payment of a lower wage than the minimum so

11   fixed is unlawful."

12       62.     California Labor Code section 1194(a) provides, "Notwithstanding any agreement

13   to work for a lesser wage, any employee receiving less than the legal minimum wage or the

14   legal overtime compensation applicable to the employee is entitled to recover in a civil action

15   the unpaid balance of the full amount of this minimum wage or overtime compensation,

16   including interest thereon, reasonable attorney's fees, and costs of suit."

17       63.     California Labor Code section 1194.2 provides in pertinent part, "In any action

18   under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage

19   less than the minimum wage fixed by an order of the commission or by statute, an employee

20   shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully

21   unpaid and interest thereon."

22       64.     Pursuant to IWC Wage Order No. 9-2001, "hours worked" includes "the time

23   during which an employee is subject to the control of an employer, and includes all the time the

24   employee is suffered or permitted to work, whether or not required to do so."

25       65.     Pursuant to section 4 of IWC Wage Order No. 9-2001, Plaintiff and Class

26   members were entitled to receive not less than eight dollars ($8.00) per hour for all hours

27   worked.

28       66.     At all times relevant during the Class Period, under the provisions of Wage Order

CLASS ACTION AND PAGA COMPLAINT

No. 9-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but were not compensated.

67.    For all hours that Plaintiff and Class members worked, they are entitled to not less than the California minimum wage and, pursuant to California Labor Code section 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to California Labor Code section 1194, Plaintiff and Class members are also entitled to their attorneys' fees, costs, and interest according to proof.

68.    At all times relevant during the Class Period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the amounts owed.

69.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated drivers, and Defendants have done so continuously throughout the filing of this complaint.

70.    As a direct and proximate result of Defendants' violation of California Labor Code sections 510 and 1197, Plaintiff and Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief, or restitution.  Plaintiff, on behalf of himself and all others similarly situated, seeks damages and all other relief allowable including all wages due while working as Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to California Labor Code section 200 *et seq.*

71.    Plaintiff and Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, and attorneys' fees and costs.  Plaintiff and former Class members are entitled to waiting time penalties pursuant to California Labor Code section 1194.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE AT SEPARATION
#### (Violation of California Labor Code § 203)
#### (Against All Defendants)

72.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

18

1 | herein.

2      73.    California Labor Code sections 201 and 202 require Defendants to pay all

3 | compensation due and owing to former drivers at or around the time employment is terminated.

4 | Section 203 of the California Labor Code provides that if an employer willfully fails to pay

5 | compensation promptly upon discharge or resignation, as required by sections 201 and 202,

6 | then the employer is liable for penalties in the form of continued compensation of up to thirty

7 | (30) work days.

8      74.    At all times relevant during the Class Period, Plaintiff and Class members were

9 | employees of Defendants covered by California Labor Code section 203.

10      75.    Plaintiff and Class members were not paid for their work performed in excess of

11 | eight (8) hours per day, nor were they paid for their work time.

12      76.    Defendants willfully failed to pay Plaintiff and former Class members for their

13 | uncompensated hours, uncompensated overtime, and missed, untimely, or on-duty meal and rest

14 | periods upon their termination or separation from employment with Defendants as required by

15 | California Labor Code sections 201 and 202. As a result, Defendants are liable to Plaintiff and

16 | other former Class members for waiting time penalties amounting to thirty (30) days' wages for

17 | Plaintiff and each such Class member pursuant to California Labor Code section 203.

18 | <center>**SEVENTH CAUSE OF ACTION**</center>
19 | <center>**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
<center>**(Violation of California Labor Code §§ 226 and 226.3)**</center>
20 | <center>**(Against All Defendants)**</center>

21      77.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

22 | herein.

23      78.    California Labor Code section 226(a) provides in pertinent part, "An employer,

24 | semimonthly or at the time of each payment of wages, shall furnish to his or her employee,

25 | either as a detachable part of the check, draft, or voucher paying the employee's wages, or

26 | separately if wages are paid by personal check or cash, an accurate itemized statement in

27 | writing showing (1) gross wages earned, (2) total hours worked by the employee, except as

28 | provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece

<center>19</center>

1   rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions

2   made on written orders of the employee may be aggregated and shown as one item, (5) net

3   wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name

4   of the employee and only the last four digits of his or her social security number or an employee

5   identification number other than a social security number, (8) the name and address of the legal

6   entity that is the employer and, if the employer is a farm labor contractor, as defined in

7   subdivision (b) of Section 1682, the name and address of the legal entity that secured the

8   services of the employer, and (9) all applicable hourly rates in effect during the pay period and

9   the corresponding number of hours worked at each hourly rate by the employee . . ."

10      79.     California Labor Code section 226(e) provides that an employee is entitled to

11  recover fifty dollars ($50) for the initial pay period in which a violation of section 226 occurs

12  and one hundred dollars ($100) for each subsequent pay period, as well as an award of costs and

13  reasonable attorneys' fees, for all pay periods in which the employer knowingly and

14  intentionally failed to provide accurate itemized statements to the employee causing the

15  employee to suffer injury.

16      80.     Plaintiff is informed, believes, and thereon alleges that at all times relevant,

17  Defendants knowingly and intentionally failed to furnish and continues to knowingly and

18  intentionally fail to furnish Plaintiff and each Class member with timely and accurate itemized

19  statements showing the gross wages earned by each of them, as required by California Labor

20  Code section 226(a), in that the payments owed to Plaintiff and Class members for unpaid

21  minimum wages, unpaid overtime, and missed meal and rest periods, were not included in gross

22  wages earned by Plaintiff and the Class.

23      81.     Defendants' failure to provide Plaintiff and Class members with accurate itemized

24  wage statements during the Class Period has caused Plaintiff and Class members to incur

25  economic damages in that they were not aware that they were owed and not paid compensation

26  for missed rest periods and on-duty meal periods, for hours worked without pay, and for

27  overtime worked without pay.  In addition, as set forth in Plaintiff's seventh cause of action,

28  Defendants provided inaccurate information regarding hours worked, which masked their

CLASS ACTION AND PAGA COMPLAINT

1  underpayment of wages to Plaintiff and the Class.

2      82.    As a result of Defendants' issuance of inaccurate itemized wage statements to

3  Plaintiff and Class members in violation of California Labor Code section 226(a), Plaintiff and

4  Class members are each entitled to recover penalties pursuant to section 226(e) of the California

5  Labor Code.

6                          **EIGHTH CAUSE OF ACTION**
                **FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD**
7                     **(Violation of California Labor Code § 204)**
                             **(Against All Defendants)**
8

9      83.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

10  herein.

11      84.    California Labor Code section 204 establishes the fundamental right of all

12  employees in the State of California to be paid wages in a timely fashion for their work.

13      85.    At all times relevant during the Class Period, Defendants failed to pay Plaintiff

14  and the Class the full amount of all owed wages when due as required by California Labor Code

15  section 204.

16      86.    Defendants failed to pay Plaintiff and other similarly situated employees all

17  wages earned each pay period.  Plaintiff is informed, believes, and thereon alleges, that at all

18  times relevant during the Class Period, Defendants maintained a policy or practice of not paying

19  Plaintiff and other similarly situated employees:  (i) minimum wages for all hours worked; (ii)

20  overtime wages for all overtime hours worked; and (iii) premium wages for all missed meal and

21  rest periods.

22      87.    As a result of Defendants' unlawful conduct, Plaintiff and Class members have

23  suffered damages in an amount, subject to proof, to the extent they were not paid all wages each

24  pay period.  The precise amount of unpaid wages is not presently known to Plaintiff but can be

25  determined directly from Defendants' records or indirectly based on information from

26  Defendants' records.

27  ///

28  ///

<center>21</center>

<center>CLASS ACTION AND PAGA COMPLAINT</center>

## NINTH CAUSE OF ACTION
### FAILING TO REIMBURSE BUSINESS EXPENSES
#### (Violation of California Labor Code § 2802)
#### (Against All Defendants)

88.     Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth fully herein.

89.     California Labor Code section 2802 provides that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

90.     During the applicable statutory period, Plaintiff and Class members incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants.  Defendants did not reimburse Plaintiff and Class members for these expenditures or losses.

91.     Defendants have failed to fully reimburse Plaintiff and Class members for necessary business-related expenses and losses.

92.     Plaintiff and Class members are entitled to recover their unreimbursed expenditures and losses pursuant to California Labor Code section 2802.

## TENTH CAUSE OF ACTION
### UNLAWFUL DEDUCTION FROM WAGES
#### (Violation of California Labor Code § 221)
#### (Against All Defendants)

93.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

94.     California Labor Code section 221 provides that "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

95.     Defendants collected or received from Plaintiff part of his wages Defendants owed him, including deductions for repairs, maintenance, fuel, tires, taxes, plates, permits, licenses, Truck Stop Scanning, insurance, and various administrative fees associated with said

22

1    expenses. Plaintiff is informed, believes, and thereon alleges, that at all times relevant during the

2    Class Period, Defendants maintained a policy or practice of collecting and receiving wages

3    Defendants paid to Plaintiff and other similarly situated employees.

4        96.    As a result of Defendants' unlawful conduct, Plaintiff and Class members have

5    suffered damages in an amount, subject to proof, to the extent that Defendants unlawfully

6    deducted amounts from Plaintiff's and Class members' wages.

7    **ELEVENTH CAUSE OF ACTION**

8    **PENALTIES PURSUANT TO CALIFORNIA LABOR CODE § 2698, *et seq.* ("PAGA")**
**(Violation of California Labor Code §§ 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 1194,**

9    **1197, 1198, and 2802)**
**(Against All Defendants)**

10        97.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

11    herein.

12        98.    PAGA provides that any provision of law under the Labor Code and applicable

13    IWC Wage Order that provides for a civil penalty to be assessed and collected by the LWDA for

14    violations of the California Labor Code and applicable IWC Wage Order may, as an alternative,

15    be recovered by aggrieved employees in a civil action brought on behalf of themselves and other

16    current or former employees pursuant to procedures outlined in California Labor Code section

17    2699.3.

18        99.    PAGA defines an "aggrieved employee" in Labor Code section 2699(c) as "any

19    person who was employed by the alleged violator and against whom one or more of the alleged

20    violations was committed."

21        100.    Plaintiff and other current and former employees of Defendants are "aggrieved

22    employees" as defined by Labor Code section 2699(c) in that they are all Defendants' current or

23    former employees and one or more of the alleged violations were committed against them.

24        101.    Pursuant to Labor Code sections 2699.3 and 2699.5, aggrieved employees,

25    including Plaintiff, may pursue a civil action arising under PAGA after the following

26    requirements have been met:

27            a.    The aggrieved employee shall give written notice by online filing with the

28    Labor and Workforce Development Agency ("LWDA") and by certified mail to the

23

CLASS ACTION AND PAGA COMPLAINT

1    employer of the specific provisions of the California Labor Code alleged to have

2    been violated, including the facts and theories to support the alleged violations; and

3            b.     The LWDA shall provide notice ("LWDA Notice") to the employer and

4    the aggrieved employee by certified mail that it does not intend to investigate the

5    alleged violation within thirty (30) calendar days of the postmark date of the

6    Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is

7    not provided within thirty-three (33) calendar days of the postmark date of the

8    Employee's Notice, the aggrieved employee may commence a civil action pursuant

9    to California Labor Code section 2699 to recover civil penalties in addition to any

10   other penalties to which the employee may be entitled.

11       102.   Pursuant to California Labor Code sections 2699.3(c), aggrieved employees,

12   including Plaintiff, may pursue a civil action arising under PAGA for violations of any provision

13   other than those listed in section 2699.5 after the following requirements have been met:

14           a.     The aggrieved employee or representative shall give written notice by

15   online filing with the LWDA and by certified mail to the employer of the specific

16   provisions of this code alleged to have been violated, including the facts and theories

17   to support the alleged violation of the specific provisions of the California Labor

18   Code alleged to have been violated (other than those listed in section 2699.5);

19           b.     Notice to the LWDA must be accompanied by a filing fee of seventy-five

20   dollars ($75);

21           c.     The employer may cure the alleged violation within thirty-three (33)

22   calendar days of the postmark date of the notice.  The employer shall give written

23   notice by certified mail within that period of time to the aggrieved employee or

24   representative and the agency if the alleged violation is cured, including a description

25   of actions taken, and no civil action pursuant to section 2699 may commence.  If the

26   alleged violation is not cured within the 33-day period, the employee may commence

27   a civil action pursuant to section 2699; and

28           d.     The LWDA shall notify the employer and the aggrieved employee or

24

1    representative by certified mail that it does not intend to investigate the alleged

2    violation within sixty-five (65) calendar days of the postmark date of the notice;

3         103.    On March 13, 2017, Plaintiff LARRY CRAFT provided written notice, by

4    certified mail to Defendant RWI TRANSPORTATION, LLC and by online submission to the

5    LWDA, of the specific provisions of the California Labor Code alleged to have been violated,

6    including the facts and theories to support the alleged violations, in accordance with California

7    Labor Code section 2699.3. On March 13, 2017, 2017, Plaintiff LARRY CRAFT mailed a

8    seventy-five dollar ($75) check made payable to the LWDA by regular mail.  A true and correct

9    copy of Plaintiff LARRY CRAFT'S written notice to RWI TRANSPORTATION, LLC and the

10    LWDA dated March 13, 2017 is attached hereto as "Exhibit 1."

11        104.    As of the filing date of the initial complaint, over thirty-three (33) days have

12    passed since Plaintiff sent notice to RWI TRANSPORTATION, LLC as described above,

13    however, RWI TRANSPORTATION, LLC have not given written notice of their intent to cure.

14        105.    As of the filing date of the initial complaint, over sixty-five (65) days have passed

15    since Plaintiff sent notice to the LWDA, however, the LWDA has not responded that it intends to

16    investigate Plaintiff's claims.

17        106.    Thus, Plaintiff has satisfied the administrative prerequisites under California

18    Labor Code section 2699.3(a) and (c) to recover civil penalties against Defendants, in addition to

19    other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 221, 226,

20    226.7, 510, 512, 1194, 1197, 1198, and 2802.

21        107.    Labor Code section 558(a) provides "[a]ny employer or other person acting on

22    behalf of an employer who violates, or causes to be violated, a section of this chapter or any

23    provision regulating hours and days of work in any order of the Industrial Welfare Commission

24    shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for

25    each underpaid employee for each pay period for which the employee was underpaid in addition

26    to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one

27    hundred dollars ($100) for each underpaid employee for each pay period for which the employee

28    was underpaid in addition to an amount sufficient to recover underpaid wages." Labor Code

1    section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any

2    other civil or criminal penalty provided by law."

3        108.    Defendants, at all times relevant to the initial complaint, were employers or

4    persons acting on behalf of an employer(s) who violated Plaintiff's and other non-party

5    aggrieved employees' rights by violating various sections of the California Labor Code as set

6    forth above

7        109.    As set forth below, Defendants have violated numerous provisions of both the

8    Labor Code sections regulating hours and days of work as well as the applicable IWC Wage

9    Order, including:

10        a.    Violations of Labor Code sections 510, 1198, and the applicable IWC

11            wage order for Defendants' failure to compensate Plaintiff and other Class members

12            with overtime wages for all hours worked in excess of eight (8) in one day or forty

13            (40) in one week, as set forth above;

14        b.    Violations of Labor Code sections 1194, 1197, 1198, and the applicable

15            IWC wage order for Defendants' failure to compensate Plaintiff and other Class

16            members with at least minimum wages for all hours worked as set forth above;

17        c.    Violations of Labor Code sections 226.7, 512(a), 1198, and the applicable

18            IWC wage order for Defendants' failure to provide Plaintiff and other Class

19            members with meal periods and/or rest breaks, as set forth above;

20        d.    Violations of Labor Code sections 226, 1198, and the applicable IWC

21            wage order for failure to provide accurate and complete wage statements to Plaintiff

22            and other Class members as set forth above;

23        e.    Violations of Labor Code section 1198 and the applicable IWC wage

24            order for failure to maintain payroll records.  California Labor Code section 1198

25            provides that the maximum hours of work and the standard conditions of labor shall

26            be those fixed by the Labor Commissioner and as set forth in the applicable IWC

27            Wage Orders.  Section 1198 further provides that "[t]he employment of any

28            employees for longer hours than those fixed by the order or under conditions of labor

26

1    prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order,

2    employers are required to keep accurate time records showing when the employee

3    begins and ends each work period and meal period. During the relevant time period,

4    Defendants failed, on a company-wide basis, to keep records of meal period start and

5    stop times for Plaintiff and other non-party aggrieved employees in violation of

6    section 1198;

7          f.      Violations of Labor Code sections 201, 202, and 203 for failure to pay all

8    earned wages upon termination as set forth above;

9          g.      Violations of Labor Code section 204 for failure to pay all earned wages

10   during employment as set forth above;

11         h.      Plaintiff and other non-party aggrieved employees are therefore entitled to

12   recover penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code

13   section 2699(f)-(g);

14         i.      Violations of Labor Code section 221 for Defendants' unlawful collection

15   or receipt any part of wages paid by Defendants to Plaintiff and other Class

16   members;

17         j.      Violations of Labor Code section 2802 for failure to reimburse Plaintiff

18   and other Class members for business expenses they incurred; and

19         k.      Any and all additional applicable civil penalties and sums as provided by

20   the California Labor Code and/or other relevant statutes.

21         110.    Pursuant to California Labor Code sections 2699(a), 2699.3, 2699.5, and section

22   558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and

23   collection of civil penalties for himself, all other non-party aggrieved employees, and the State of

24   California against Defendants, in addition to other remedies, for violations of California Labor

25   Code sections 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 1194, 1197, 1198, and 2802.

26         111.    In addition, Plaintiff seeks and is entitled to seventy-five percent (75%) of all

27   penalties obtained under California Labor Code section 2699 to be allocated to the LWDA, for

28   education of employers and employees about their rights and responsibilities under the California

27

CLASS ACTION AND PAGA COMPLAINT

1 | Labor Code, and twenty-five percent (25%) to all aggrieved employees.

2 |     112.   Further, Plaintiff is entitled to recover reasonable attorney's fees and costs

3 | pursuant to California Labor Code sections 2699(g)(1), 218.5, 1194(a), and any other applicable

4 | statute.

5 | <div align="center">**TWELFTH CAUSE OF ACTION**</div>

6 | <div align="center">**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*)**</div>

7 | <div align="center">**(Against All Defendants)**</div>

8 |     113.   Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

9 | herein.

10 |     114.   Section 17200 of the California Business and Professions Code (the "UCL")

11 | prohibits any unlawful, unfair, or fraudulent business practices.

12 |     115.   Through their action alleged herein, Defendants have engaged in unfair

13 | competition within the meaning of the UCL. Defendants' conduct, as alleged herein, constitutes

14 | unlawful, unfair, and/or fraudulent business practices under the UCL.

15 |     116.   Defendants' unlawful conduct under the UCL includes, but is not limited to,

16 | violating the statutes alleged herein. Defendants' unfair conduct under the UCL includes, but is

17 | not limited to, failure to pay Class members wages and compensation they earned through labor

18 | provided, and failing to otherwise compensate Class members, as alleged herein. Defendants'

19 | fraudulent conduct includes, but is not limited to, issuing wage statements containing false

20 | and/or misleading information about the time Class members worked and the amount of wages

21 | or compensation due.

22 |     117.   Plaintiff has standing to assert this claim because he has suffered injury in fact

23 | and has lost money as a result of Defendants' conduct.

24 |     118.   Plaintiff and the Class seek restitutionary disgorgement from Defendants, and an

25 | injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct

26 | alleged herein.

27 | <div align="center">**PRAYER**</div>

28 | WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also

<div align="center">28</div>

<div align="center">CLASS ACTION AND PAGA COMPLAINT</div>

on behalf of the general public, pray for judgment against Defendants as follows:

    A.  An order that this action may proceed and be maintained as a class action;

    B.  For all unpaid minimum wages and liquidated damages due to Plaintiff and each Class member on their minimum wage claim;

    C.  For all unpaid overtime wages due to Plaintiff and each Class member;

    D.  For one (1) hour of wages due to Plaintiff and each Class member for each work period of more than four (4) hours when they did not receive an uninterrupted ten (10) minute rest period;

    E.  For one (1) hour of wages due to Plaintiff and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

    F.  For continuation wages under California Labor Code section 203;

    G.  For statutory penalties under California Labor Code section 226(e);

    H.  An order requiring Defendants to comply with California Labor Code section 226(a) with respect to all currently employed Class members;

    I.  For reimbursement of business expenses under California Labor Code section 2802;

    J.  For civil penalties pursuant to California Labor Code sections 210, 225.5, 226.3, 558, 1174.5, 1197.1, 2699(a) and/or 2699(f) and (g), for violations of California Labor Code sections 201, 202, 203, 204, 221, 226, 226.7, 510, 512, 1194, 1197, 1198, and 2802;

    K.  For reimbursement of unlawful deductions of wages under California Labor Code section 221;

    L.  For restitutionary disgorgement pursuant to the UCL;

    M. An order enjoining Defendants from further unfair and unlawful business practices in violation of Business & Professions Code sections 17200 *et seq.*;

    N.  Prejudgment interest at the maximum legal rate;

    O.  Reasonable attorneys' fees;

    P.  Accounting of Defendants' records for the Class Period;

1    Q.  General, special and consequential damages, to the extent allowed by law;

2    R.  Costs of suit; and

3    S.  Such other relief as the Court may deem just and proper.

4

5    DATED:  June 19, 2017                          KABATECK BROWN KELLNER LLP

6                                    By:      _Cheryl C. Kenner_

7                                             Brian S. Kabateck
                                             Cheryl A. Kenner

8
                                             Attorneys for LARRY CRAFT and all others
9                                            similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION AND PAGA COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2       Plaintiff demands a trial by jury for himself and Class members on all claims so triable.

3

4

DATED: June 19, 2017                          **KABATECK BROWN KELLNER LLP**

5

6                                      By:    _Cheryl Kenner_

7                                              Brian S. Kabateck
                                               Cheryl A. Kenner

8
                                               Attorneys for LARRY CRAFT and all others
9                                              similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION AND PAGA COMPLAINT**

# EXHIBIT 1



**Kabateck** Brown Kellner LLP

March 13, 2017

<u>**VIA EMAIL**</u>

**David M. Lanier, Secretary**
**California Labor & Workforce**
**Development Agency**
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

<u>**VIA CERTIFIED MAIL**</u>

**RWI Transportation LLC**
8 Plum Street
Wilder, KY 41076

**Castellini Company LLC**
P.O. Box 721610
Newport, KY 41072-1610

**RWI Logistics LLC**
1538 Alexandria Pike,
Ft. Thomas, KY 41075

**Crosset Company LLC**
10295 Toebben Drive
Independence, KY 41051

<u>**NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO CALIFORNIA**</u>
<u>**LABOR CODE SECTION 2699, *et seq.***</u>

To:    The California Labor and Workforce Development Agency and RWI
       Transportation, LLC; Castellini Company, LLC; Crosset Company, LLC; RWI
       Logistics, LLC

From:  Larry Craft, on behalf of himself and all other current and/or former truck driver
       employees for violations of the California Labor Code

To Whom It May Concern:

       We have been retained by the above referenced employee to seek compensation
and all other available relief on his behalf, and all those similarly situated, who have been
injured by violations of the above referenced Labor Code sections.

**Factual Statement:**

       Claimant Larry Craft ("Craft" or "Claimant"), on behalf of himself and all other
similarly situated current and former employees of RWI Transportation LLC were truck
drivers who are or were engaged in the intrastate transportation of moveable goods for

Notice of California Labor Code Violations
Re: RWI Transportation LLC
PAGA Notice
Page 2 of 4

the majority of their work time. Claimant contends that RWI Transportation, LLC;
Castellini Company, LLC; Crosset Company, LLC; and RWI Logistics, LLC,
collectively "RWI," operate nationwide as transportation and logistics companies that are
alter egos of one another. As part of his employment with RWI, Claimant and these
drivers are or were assigned to and required to suffer and permitted to work without pay,
while performing tasks including, but not limited to: performing pre- and post-trip
inspections of defendant's transportation truck, driving defendant's transportation truck
to the pick-up and drop-off destinations RWI assigned him, and waiting at pick-up and
drop-off destinations.

During the entire course of their employment, RWI intentionally misclassified
employees, including Craft, as independent contractors in violation of Labor Code
section 226.8(a)(1). RWI failed to provide Craft and those similarly situated with
overtime pay, meal periods, and rest breaks. As a consequence, RWI has failed to
comply with Labor Code sections 226.7, 510, and 512, and Industrial Welfare
Commission ("IWC") Wage Order 9-2001(11). RWI failed to pay minimum wages to
Craft and other truck drivers in violation of Labor Code sections 510, 1194, and 1197,
and IWC Wage Order No.9-2001, and also failed to provide accurate, timely itemized
pay statement accounting records to Craft and other truck drivers in violation of Labor
Code section 226(a). With regard to those no longer employed by RWI, including Craft,
RWI violated Labor Code section 203 by failing to pay all wages due upon separation.
Craft is informed and believes that such violations are ongoing, systematic, and
continuous. He intends to bring an action against RWI under the Private Attorneys
General Act ("PAGA") to recover wages and penalties as provided by California law.[1]

---

[1] Without limitation, Craft, if permitted, will seek any and all penalties otherwise capable of being collected
by the Commission. This includes each provision as set forth in Labor Code section 2699.5 as follows:

The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following
provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5,
204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213,
Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230,
230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section
232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7,
435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921,
922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d)
of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3,
Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308,
1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section
1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26,
1700.31, 1700.32, 1700.40, and 1700.47, paragraphs (1), (2), and (3) of subdivision (a) of, and subdivision
(e) of, Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771,
1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800,
2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.7.

Notice of California Labor Code Violations
Re: RWI Transportation LLC
PAGA Notice
Page 3 of 4

**Theories of Labor Code Violations and Remedies:**

Claimant Craft was employed as a truck driver by RWI Transportation, LLC but
worked for the RWI affiliates from January 2014 through October 2016. The position
essentially requires employees to drive hauling trucks along various transportation routes
throughout California. For a period of at least four years prior to March 2017, RWI
failed to pay such employees overtime wages, yet regularly required employees to work
in excess of eight hours per day and/or forty hours per week without premium pay under
Labor Code section 1194.

It unlawful for any person or employer to willfully misclassify an individual as an
independent contractor. (Cal. Lab. Code § 226.8(a)(1).) "'Willful misclassification'
means avoiding employee status for an individual by voluntarily and knowingly
misclassifying that individual as an independent contractor." (Cal. Lab. Code §
226.8(i)(4).) Accordingly, by willfully misclassifying many of its employees, past and
present, including Craft, as independent contractors, RWI violated Labor Code section
226.8.

If a person or employer has willfully misclassified an individual as an
independent contractor, the person or employer shall be subject to a civil penalty of not
less than five thousand dollars ($5,000) and not more than fifteen thousand dollars
($15,000) for each violation, in addition to any other penalties or fines permitted by law.
(Cal. Lab. Code § 226.8(b).)

Claimants (which includes Craft and the class he seeks to represent), also were at
all times entitled to payment of minimum wages. RWI failed to pay minimum wages to
claimant and all other similarly situated employees as required by Labor Code sections
1194 and 1194.2 and IWC Wage Order 9-2001(4). Therefore, claimants are entitled to
recover wages and/or penalties as provided by Labor Code section 1197.1 and IWC
Wage Order 9-2001(20).

Claimants were at all times entitled to uninterrupted paid meal periods or
compensation in lieu thereof. RWI failed to provide meal period for Craft and all other
similarly situated employees as required by Labor Code section 226.7, Labor Code
section 558 and IWC Wage Order 9-2001(20). Furthermore, since RWI required Craft
and others similarly situated to work during their meal period in violation of Labor Code
section 226.7(a), claimants seek wages of one additional hour of pay as permitted by
Labor Code section 226.7(b) as well as all available penalties as set forth in Labor Code
section 2699(f).

Claimants were at all times entitled to take rest breaks. However, RWI failed to
authorize or permit rest breaks to be taken by Craft and all other similarly situated
employees engaged in the same tasks and function as required by Labor Code section

Notice of California Labor Code Violations
Re: RWI Transportation LLC
PAGA Notice
Page 4 of 4

226.7, Labor Code section 512, and IWC Wage Order 9-2001(11). Therefore, claimants are entitled to recover wages and/or penalties as provided by Labor Code section 558 and IWC Wage Order 9-2001(20). Furthermore, since RWI required its employees to work during rest periods in violation of Labor Code section 226.7(b), claimant seek as all available penalties as set forth in Labor Code section 2699(a) or (f).

RWI's uniform failure to pay overtime and minimum wages, allow rest breaks and meal periods to Craft and other truck driver employees during their workday was also done without any payment of an additional one-hour's wage per day to said claimants at their regular rate of pay, or alternatively, premium compensation, if applicable, pursuant to Labor Code section 1194. RWI's failure to provide such compensation in lieu of meals violated Labor Code section 204 and 204(b), and as such, penalties are recoverable as set forth in Labor Code section 210 and/or section 1194, *et seq*.

California Labor Code section 2802 provides that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." RWI has failed to fully reimburse all necessary business-related expenses and losses Craft and other truck driver employees incurred, including but not limited to costs for fuel, insurance, tires, truck maintenance, licenses, and taxes. Claimants are entitled to recover their unreimbursed expenditures and losses pursuant to Labor Code section 2802.

Claimants are entitled to recover unpaid wages, with interest, unreimbursed business expenses, and are entitled to an award of attorneys' fees as permitted by Labor Code section 1194 and other penalties, as permitted by Labor Code section 2699, Labor Code section 210, and waiting time penalties for former employees, pursuant to Labor Code section 203.

Sincerely,

*Cheryl C. Kenner*

**Cheryl Kenner | Attorney at Law**
Historic Fire Engine Co. No. 28 Building
844 South Figueroa Street, Los Angeles, CA 90017
T: 213.217.5000
F: 213.217.5010
www.kbklawyers.com
Kabateck Brown Kellner LLP

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

| | Reserved for Clerk's Stamp |
|---|---|
| **COURT ADDRESS:** 111 North Hill Street, Los Angeles, CA 90012 | ORIGINAL FILED Superior Court of California County of Los Angeles JUN 1 9 2017 |
| **PLAINTIFF:** Larry Craft | Sherri R. Carter, Executive Officer/Clerk |
| **DEFENDANT:** RWi Transportation LLC a Delaware Limited Liability Co. | By: Glorietta Robinson, Deputy |
| **CIVIL DEPOSIT** | **CASE NUMBER:** BC 6 6 5 5 7 8 |

CLERK: PREPARE A FORM FOR EACH DEPOSITOR PAYING SEPARATELY

PLEASE REPORT TO THE CLERK'S OFFICE/CASHIER:
☐ Room 102, Central Civil    ☐ Clerk's Office , Room_____    ☐ Department Number_____

| | | Distribution Codes | Amt Due | | | Distribution Codes | Amt Due |
|---|---|---|---|---|---|---|---|
| ☐ | 251 | DAILY JURY FEES Dates:_____ # of day(s)_____ x$_____ | | ☐ | 74 | DEPOSIT IN TRUST | |
| ☒ | 72 | JURY FEES Trial Date: No date set (Initial Deposit) $ 150.00 | $150.00 | ☐ | 101 | FIRST PAPERS- GENERAL JURISDICTION | |
| ☐ | 252 | REPORTERS FEES Dates:_____ # of 1/2 day(s)_____ x$_____ Full Day_____ | | ☐ | 101 | FIRST PAPERS-LIMITED OVER $10,000 | |
| | | | | ☐ | 141 | With declaration Limited to $10,000 (per B&P 6322.1(c)) | |
| | | | | ☐ | 130 | Limited to $10,000 | |
| ☐ | 721 | SANCTIONS ORDERED ON Date:_____ | | ☐ | ·211 | RECLASSIFICATION FEE | |
| ☐ | 213 | MOTIONS/APPLICATION TO CONT. HEARING | | ☐ | 150 | COMPLEX LITIGATION TRIAL/PLAINTIFF | |
| | 200 | MOTIONS/APPLICATION TO CONT. TRIAL | | ☐ | 151 | COMPLEX LITIGATION TRIAL/DEFENDANT | |
| | | Other: | | | | | |

To be paid via:  ☐ Cash   ☒ Check   ☐ Certified Check/Money Order   ☐ Credit Card

☐ On or Before_____   ☐ Forthwith

Payment will be made by  ☒ Plaintiff_____   ☐ Defendant_____

DATE June 19, 2017

JOHN A. CLARKE, Executive Officer/Clerk

BY:_____
Deputy Clerk

| TO BE COMPLETED BY DEPOSITOR | CASHIER'S VALIDATION |
|---|---|
| Depositor's Name: Kabateck Brown Kellner LLP | |
| ☐ Plaintiff In Pro Per   ☐ Defendant In Pro Per | |
| ☒ Counsel for   ☒ Plaintiff  Larry Craft _____ Name of Party | |
| ☐ Defendant _____ Name of Party | |
| Address of depositor  644 S. Figueroa Street Street Los Angeles, CA 90017 City/State/Zip | |

CIV 083 03-04 (Rev. 05/06)
LASC Approved

**CIVIL DEPOSIT**
Distribution: Original - Case File   Copy-Customer

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____ **BC 6 6 5 5 7 8**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
| Judge Maren E. Nelson | 307 | 1402 |
| Judge Carolyn B. Kuhl | 309 | 1409 |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance:

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Clamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION — EARLY ORGANIZATIONAL MEETING** | |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____         ➤ _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      I. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11                **STIPULATION – DISCOVERY RESOLUTION**                          Page 1 of 3
For Optional Use

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.  Be filed within two (2) court days of receipt of the Request; and

iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____  ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____  ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>FAX NO. (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# EXHIBIT B

1  RICHARD H. RAHM, Bar No. 130728
   ANGELA J. RAFOTH, Bar No. 241966
2  JULIE STOCKTON, Bar No. 286944
   LITTLER MENDELSON, P.C.
3  333 Bush Street, 34th Floor
   San Francisco, CA  94104
4  Telephone:    415.433.1940
   Fax No.:       415.399.8490
5
   Attorneys for Defendant
6  RWI TRANSPORTATION, LLC

7

8                  SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10  LARRY CRAFT, an individual, on behalf      Case No.  BC665578
    of himself and all others similarly situated,
11                                             **DEFENDANT RWI TRANSPORTATION,**
                Plaintiff,                     **LLC'S ANSWER TO COMPLAINT**
12
           v.
13
    RWI TRANSPORTATION LLC,
14
                Defendant.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    1.                    Case No.  BC665578

DEFENDANT RWI TRANSPORTATION, LLC'S ANSWER TO COMPLAINT

1    For its Answer to the Complaint of Plaintiff Larry Craft ("Plaintiff"), Defendant RWI

2    Transportation, LLC (hereinafter "RWI" or "Defendant") states as follows:

3    <div align="center">**GENERAL DENIAL**</div>

4    Pursuant to C.C.P. § 431.30(d), Defendant generally denies each and every allegation

5    contained in Plaintiff's Complaint ("Complaint") and further specifically denies that Plaintiff has

6    sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by

7    reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

8    Further, Defendant asserts the affirmative defenses as listed below.

9    <div align="center">**AFFIRMATIVE DEFENSES**</div>

10   Without admitting any of the allegations of the Complaint and without admitting or

11   acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the

12   following additional defenses, which it designates as "affirmative defenses." Defendant intends to

13   rely upon any additional defenses that become available or apparent during pretrial proceedings and

14   discovery in this action and hereby reserve the right to amend this Answer to assert all such further

15   defenses.

16   <div align="center">**FIRST AFFIRMATIVE DEFENSE**</div>

17   The Complaint and each of its purported causes of action fail to state facts sufficient

18   to constitute a cause or causes of action against this answering Defendant

19   <div align="center">**SECOND AFFIRMATIVE DEFENSE**</div>

20   Plaintiff cannot satisfy the prerequisites for class certification and therefore cannot

21   represent the interest of others.

22   <div align="center">**THIRD AFFIRMATIVE DEFENSE**</div>

23   Each purported cause of action set forth in the Complaint is barred in whole or in part

24   by the applicable statute(s) of limitation, including without limitation, the three-year limitations

25   period contained in California Code of Civil Procedure section 338(a); the one-year limitations

26   period governing recovery of statutory penalties contained in California Code of Civil Procedure

27   section 340(a); and/or the four year limitations period found in Business and Professions Code

28   section 17208.

Case No. BC665578

DEFENDANT RWI TRANSPORTATION, LLC'S ANSWER TO COMPLAINT

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

**FOURTH AFFIRMATIVE DEFENSE**

The types of claims alleged by Plaintiff on behalf of himself and/or the alleged putative group he purports to represent are matters in which individual questions dominate and thus are not appropriate for class treatment.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not similarly situated to other potential members of the alleged putative group he purports to represent and thus is an inadequate representative of the alleged putative group.

**SIXTH AFFIRMATIVE DEFENSE**

Certain interests of the alleged putative group are in conflict with the interests of all or certain subgroups of the members of the putative group.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has not shown and cannot show that class or representative treatment of the purported causes of action in the Complaint is superior to other methods of adjudicating the controversy.

**EIGHTH AFFIRMATIVE DEFENSE**

The proposed class is inappropriate because Plaintiff Craft and/or Plaintiff Craft's attorney is not a proper or adequate class representative.

**NINTH AFFIRMATIVE DEFENSE**

This action may not be maintained as a class action, because the putative class is not so numerous that joinder of all members would be impractical or inadvisable.

**TENTH AFFIRMATIVE DEFENSE**

The Complaint and each purported cause of action alleged therein, cannot proceed as a purported class or collective action because of difficulties likely to be encountered that render the action unmanageable.

**ELEVENTH AFFIRMATIVE DEFENSE**

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

1  Defendant reserves the right to amend its answer upon further investigation and discovery of facts

2  supporting this defense.

### TWELFTH AFFIRMATIVE DEFENSE

4      The Complaint and each of its purported causes of action are barred either in whole or

5  in part by Plaintiff's and/or the purported class members' failure to mitigate their alleged damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

7      The Complaint and each of its purported causes of action are barred either in whole or

8  in part by the doctrines of waiver, consent, estoppel, unclean hands, and other equitable bases.

### FOURTEENTH AFFIRMATIVE DEFENSE

10      Defendant denies it engaged in a pattern or practice of intentional or wrongful

11  conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

13      Plaintiff and/or the members of the purported class are barred from pursuing claims in

14  the Superior Court in the County of Los Angeles because venue is improper with respect to

15  Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

17      Plaintiff and/or the members of the purported class did not suffer damages

18  attributable to the action or inaction of Defendant as alleged in Plaintiff's Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

20      Plaintiff's action cannot be maintained because the California Labor Code has no

21  jurisdiction over non-resident Defendant or the activities of Plaintiff which were predominantly

22  performed outside of the state of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

24      At all times, Defendant's treatment of Plaintiff and all purported class members was

25  in good faith, in conformity with and in reliance upon a written administrative regulation, order,

26  ruling or interpretation of the federal Department of Labor Wage and Hour Division, the California

27  Labor Commissioner, the California Industrial Welfare Commission, and/or on administrative

28  practices and policies applicable to Defendant by federal and state agencies. Defendant also had a

LITTLER MENDELSON, P.C
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

4.

Case No.  BC665578

DEFENDANT RWI TRANSPORTATION, LLC'S ANSWER TO COMPLAINT

1  subjective good faith belief that Defendant's treatment of Plaintiff and members of the purported

2  class by Defendant was appropriate and required as a business necessity and did not constitute

3  actionable conduct, and Defendant's good faith belief as described above was reasonable.

### NINETEENTH AFFIRMATIVE DEFENSE

5          Plaintiff and all purported class members have timely received full payment for all

6  services rendered pursuant to their contracts with Defendant, including amounts greater than

7  minimum wage for all hours worked.

### TWENTIETH AFFIRMATIVE DEFENSE

9          Defendant is informed and believes that further investigation and discovery will

10  reveal, and on that basis allege that the claims of Plaintiff and the purported class members are

11  barred by the breach of their own duties owed to Defendant under the California Labor Code.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

13          The Complaint fails to state a claim for penalties because Defendant did not willfully

14  or intentionally violate the California Labor Code.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

16          Plaintiff and putative class members are exempt from overtime pursuant to applicable

17  orders of the Industrial Welfare Commission, including, but not limited to Wage Order No. 9, and

18  the federal law, including, but not limited to, the Motor Carrier Act ("MCA").

### TWENTY-THIRD AFFIRMATIVE DEFENSE

20          Plaintiff and the other members of the putative class were independent contractors,

21  and not employees of Defendant, and therefore Defendant was not responsible for paying Plaintiff

22  either minimum wages, overtime wages, providing meal periods or rest breaks, paying wages twice a

23  month, keeping employment records, or otherwise complying with the provisions of the California

24  Labor Code alleged in the Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

26          Some or all of the services Plaintiff alleges to have rendered and for which he seeks

27  additional compensation and/or derivative damages or penalties were performed by entities or

28  individuals other than Plaintiff.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

5.

Case No. BC665578

DEFENDANT RWI TRANSPORTATION, LLC'S ANSWER TO COMPLAINT

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that California laws dictate that Plaintiff and putative class members were not independent contractors, such laws, and each cause of action alleged in the Complaint for damages, premium wages, statutory penalties, civil penalties, or any other remedy, are preempted by federal law, including, but not limited to, the Federal Aviation Administration Authorization Act ("FAAAA") and the Federal Motor Carrier Safety Act ("FMCSA").

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith in its conduct toward Plaintiff and members of the putative class, including in its belief that Plaintiff and members of the putative class were independent contractors and not employees, and therefore Defendant should not be subject to liquidated damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members were independent contractors and not employees, and, therefore, Defendant is not obligated to provide them with meal periods.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Regardless of the status of Plaintiff and putative class members as independent contractors, they were provided, and took, meal periods in compliance with California law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Even assuming arguendo Plaintiff was entitled to receive wage statements, Plaintiff is not entitled to recover any damages or penalties because, pursuant to California Labor Code section 226(e), he did not suffer any injuries as a result.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant had a reasonable and good faith belief that Plaintiff and the putative class members were independent contractors and, therefore, any non-compliance was inadvertent, making award of any damages or penalties under Section 226(e) inappropriate.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Any deduction for expenses was done pursuant to properly executed contracts between the Defendant, Plaintiff and the putative class members, and third parties.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case No.  BC665578

DEFENDANT RWI TRANSPORTATION, LLC'S ANSWER TO COMPLAINT

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Recovery by Plaintiff or members of the putative class of any amounts deducted for expenses would result in unjust enrichment as to Defendant, as such amounts were not retained by Defendant, but remitted on behalf of Plaintiff and members of the putative class to third parties.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Adjudication of the claim by Plaintiff or members of the putative class for any amounts deducted for expenses cannot occur in the absence of necessary third parties to whom such amounts were owed by and paid on behalf of Plaintiff and members of the putative class.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for penalties under California Labor Code section 203 because Defendant did not willfully or intentionally violate Labor Code sections 201 or 202.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring claims on behalf of others. Specifically, Plaintiff lacks standing to seek civil penalties because he is not an employee and, therefore, not an "aggrieved employee" pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code section 2698 *et seq.*

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide the Labor Workforce Development Agency ("LWDA") proper notification of the claims and/or the names of the "aggrieved employee[s]" on whose behalf he intends to seek penalties, pursuant to the PAGA.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Civil penalties that Plaintiff seeks pursuant to the PAGA cannot be determined on a class-wide or representative basis.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any penalties awarded against Defendant pursuant to the PAGA would be unjust, arbitrary, oppressive or confiscatory.

///

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case No. BC665578

DEFENDANT RWI TRANSPORTATION, LLC'S ANSWER TO COMPLAINT

1

### THIRTY-NINTH AFFIRMATIVE DEFENSE

2

To the extent that any non-compliance is found on the part of Defendant, it is not

3

subject to PAGA civil penalties because it substantially complied with the law.

4

### FORTIETH AFFIRMATIVE DEFENSE

5

Defendant alleges that its business practices, including, but not limited to, the terms

6

of its agreements and compensation policies, were not unfair, unlawful, or deceptive within the

7

meaning of the California Business and Professions Code section 17200, et seq., or contrary to

8

public policies of the State of California.

9

### FORTY-FIRST AFFIRMATIVE DEFENSE

10

The prosecution of a representative action on behalf of the general public under

11

California Business and Professions Code section 17200, et seq., as applied to the facts and

12

circumstances of this case, would constitute a denial of Defendant's due process rights, both

13

substantive and procedural, in violation of the California Constitution and the Fourteenth

14

Amendment to the United States Constitution.

15

### FORTY-SECOND AFFIRMATIVE DEFENSE

16

Plaintiff was an independent contractor and not an employee and, for that reason, he

17

never suffered any injury such as to have standing to bring a cause of action pursuant to the Unfair

18

Competition Law, Business & Professions Code sections 17200, et seq.

19

### FORTY-THIRD AFFIRMATIVE DEFENSE

20

Plaintiffs' claims for relief under PAGA should be dismissed because the statutory

21

and/or regulatory provisions on which Plaintiffs' claims are based constitute an improper delegation

22

of legislative authority to an administrative agency.

23

### FORTY-FOURTH AFFIRMATIVE DEFENSE

24

Prosecuting a representative action under PAGA, based upon the facts and

25

circumstances of this case, would be an unconstitutional denial of the Defendant's rights contained

26

in the United States and California Constitutions, including, but not limited to, the due process

27

clause of the Fourteenth Amendment to the United States Constitution, and Article I, Section 7 of the

28

California Constitution.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.                                          Case No.  BC665578

DEFENDANT RWI TRANSPORTATION, LLC'S ANSWER TO COMPLAINT

1

## FORTY-FIFTH AFFIRMATIVE DEFENSE

2    An award of penalties against the Defendant would be an unconstitutional denial of
3    the Defendant's right to equal protection under the Fourteenth Amendment to the United States
4    Constitution and Article I, Section 3, of the California Constitution.

5

## FORTY-SIXTH AFFIRMATIVE DEFENSE

6    Prosecuting a representative action to recover penalties under PAGA against the
7    Defendant would violate the constitutionally based separation of powers doctrine by impermissibly
8    usurping prosecutorial authority assigned to the executive branch of government by the California
9    Constitution and impermissibly delegated by PAGA to private attorneys without essential
10    safeguards, including continuing oversight or control by the executive branch.

11

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

12    Prosecuting a representative action to recover penalties under PAGA against the
13    Defendant would violate the constitutionally based separation of powers doctrine by impermissibly
14    usurping the power to regulate lawyers, including the power to promulgate the rules by which such
15    lawyers may or may not pursue claims to benefit the State or other public bodies.  These powers are
16    assigned to the judicial branch and have been exercised by the judicial branch.    PAGA
17    impermissibly legislates in contravention of those powers including by delegating power to private
18    attorneys to pursue claims on terms not sanctioned by the judicial branch or the rules regulating the
19    legal profession.

20

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

21    Defendant alleges that, assuming Plaintiff and/or members of the purported class are
22    entitled to any unpaid wages, which they are not, Defendant is entitled to a credit or set off.  This
23    credit or set off includes but is not limited to, amounts erroneously overpaid to Plaintiff and/or
24    members of the purported class as well as work performed not to the benefit of Defendant.

25

## FORTY-NINTH AFFIRMATIVE DEFENSE

26    The claims alleged herein by Plaintiffs on behalf of some or all of the putative class
27    members are barred by the doctrines of settlement, waiver, and release.

28    / / /

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

9.

Case No.  BC665578

DEFENDANT RWI TRANSPORTATION, LLC'S ANSWER TO COMPLAINT

### FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff and the putative class members are subject to a forum selection clause in their independent contractor and/or leasing agreements that makes venue in this Court improper as to any of the alleged claims.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Therefore, Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant requests that judgment be entered as follows:

1.     That the Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;

2.     For their costs of suit, including reasonable attorneys' fees; and

3.     For such other and further relief as the Court may deem just and proper.

Dated: July 17, 2017

RICHARD H. RAHM
ANGELA J. RAFOTH
JULIE STOCKTON
LITTLER MENDELSON, P.C.
Attorneys for Defendant
RWI TRANSPORTATION, LLC

Firmwide:148731832.4 093884.1001

10.

Case No.  BC665578

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

DEFENDANT RWI TRANSPORTATION, LLC'S ANSWER TO COMPLAINT

POS-040

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 130728 / 241966<br>NAME: Richard H. Rahm, Esq. / Angela J. Rafoth, Esq.<br>FIRM NAME: Littler Mendelson, P.C.<br>STREET ADDRESS: 333 Bush Street, 34th Floor<br>CITY: San Francisco                     STATE: CA    ZIP CODE: 94104<br>TELEPHONE NO: 415.433.1940            FAX NO: 415.399.8490<br>E-MAIL ADDRESS: rrahm@littler.com / arafoth@littler.com<br>ATTORNEY FOR (name): Defendant RWI Transportation, LLC | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 600 South Commonwealth Avenue<br>MAILING ADDRESS: 600 South Commonwealth Avenue<br>CITY AND ZIP CODE: Los Angeles, CA 90005<br>BRANCH NAME: Central Civil West Courthouse | |
| Plaintiff/Petitioner: Larry Craft<br><br>Defendant/Respondent: RWI Transportation LLC | CASE NUMBER:<br>BC665578 |

| | |
|---|---|
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service** *(only one):*<br>☐ By Personal Service    ☒ By Mail    ☐ By Overnight Delivery<br>☐ By Messenger Service   ☐ By Fax | JUDICIAL OFFICER:<br>Hon. Kenneth R. Freeman<br><br>DEPARTMENT:<br>310 |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action**.

2. My residence or business address is:
   Littler Mendelson, P.C., 333 Bush Street, 34th Floor, San Francisco, CA 94104 (business)

3. ☐    The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* July 17, 2017           I served the following **documents** *(specify):*

   Defendant RWI Transportation, LLC's Answer To Complaint

   ☐    The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served: Brian S. Kabateck, Esq. / Cheryl A. Kenner, Esq.

   b. ☒    *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      Kabateck Brown Kellner LLP, 644 South Figueroa Street, Los Angeles, CA 90017 (business)

   c. ☐    *(Complete if service was by fax.)*
      Fax number where person was served:

      ☐    The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐    **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. February 1, 2017]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a,<br>2015.5, Cal. Rules of Court, rule 2.306<br>www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME:<br>Craft v. RWI Transportation LLC | CASE NUMBER:<br>BC665578 |
|---|---|

6.  b.  ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1)  ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2)  ☒  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, California

  c.  ☐  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d.  ☐  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e.  ☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 17, 2017

Charisse Goodman
_____
(TYPE OR PRINT NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

► _____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.<br>www.FormsWorkFlow.com

# EXHIBIT C

1 | Brian S. Kabateck, SBN 152054
Cheryl A. Kenner, SBN 305758
2 | Shant A. Karnikian, SBN 285048
**KABATEK BROWN KELLNER LLP**
3 | 644 South Figueroa Street
Los Angeles, CA 90017
4 | Phone: 213-217-5000
Fax: 213-217-5010
5 |

6 | Attorneys for Plaintiff LARRY CRAFT, individually,
and on behalf of all others similarly situated
7 |

8 | <div align="center">**SUPERIOR COURT OF THE STATE OF CALIFORNIA**</div>

9 | <div align="center">**COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST**</div>

10 |

| | |
|---|---|
| LARRY CRAFT, an individual, on behalf of himself and all others similarly situated, | Case No. BC665578 |
| | [Assigned for all purposes to the Hon. Kenneth R. Freeman] |
| Plaintiff, | |
| | **NOTICE OF INITIAL STATUS CONFERENCE** |
| v. | |
| RWI TRANSPORTATION, LLC., a Delaware Limited Liability Company; and DOES 1 through 50, inclusive, | Date:    September 22, 2017 |
| | Time:    10:00 a.m. |
| | Dept.:   310 |
| | Judge:   Hon. Kenneth R. Freeman |
| Defendants. | |
| | Complaint filed: June 19, 2017 |

20 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

21 |     **PLEASE TAKE NOTICE THAT** per the Court's Minute Order of July 5, 2017, attached

22 | hereto as Exhibit 1 and Initial Status Conference Order of July 5, 2017, attached hereto as Exhibit 2:

23 |     1.  An Initial Status Conference in the above-captioned action is set on September 22,

24 |         2017 at 10:00 a.m. in Department 310 of the above-captioned Court, located at 600

25 |         S. Commonwealth Ave, Los Angeles, CA 90005;

26 |     2.  The parties are to file a Joint Initial Status Conference Class Action Response

27 |         Statement by or before September 8, 2017, which shall contain the items specified in

28 |         the Court's Order attached hereto as Exhibit 2; and

<div align="center">1</div>

<div align="center">**NOTICE OF RULING AT STATUS CONFERENCE**</div>

1          3.  The Court ordered Plaintiff to give notice.

2

3    Dated:  July 12, 2017                **KABATECK BROWN KELLNER LLP**

4

5                                      By:___*Cheryl Kenner*_____

6                                          Brian S. Kabateck
                                           Cheryl A. Kenner
7                                          Shant A. Karnikian
                                           Attorneys for Plaintiffs LARRY CRAFT,
8                                          individually, and behalf of all others similarly
                                           situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         2
                    **NOTICE OF RULING AT STATUS CONFERENCE**

**EXHIBIT 1**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 07/05/17 | | DEPT. 310 |
|---|---|---|
| HONORABLE KENNETH R. FREEMAN    JUDGE | R. ARRAIGA | DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| Add-On #2 | | |
| M. WEBB, C.A.         Deputy Sheriff | NONE | Reporter |

| BC665578 | Plaintiff Counsel | |
|---|---|---|
| LARRY CRAFT | | NO APPEARANCES |
| VS | Defendant | |
| RWI TRANSPORTATION LLC | Counsel | |
| Complex- 7-5-2017 | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for September 22, 2017, at 10:00 a.m., in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page    1 of  3    DEPT. 310

MINUTES ENTERED
07/05/17
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/05/17 | | DEPT. 310 |
| HONORABLE KENNETH R. FREEMAN   JUDGE | R. ARRAIGA | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| Add-On #2 | | |
| M. WEBB, C.A.   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC665578 | Plaintiff Counsel | NO APPEARANCES |
| LARRY CRAFT | | |
| VS | Defendant | |
| RWI TRANSPORTATION LLC | Counsel | |
| | | |
| Complex- 7-5-2017 | | |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex Litigation Program courtrooms:

http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616 subdivisions (a) and (b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court within 10 calendar days from this date.

The Plaintiff must serve a copy of this Minute Order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served this Minute Order and the Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail

Page   2 of 3   DEPT. 310

MINUTES ENTERED
07/05/17
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/05/17

DEPT.   310

HONORABLE  KENNETH R. FREEMAN            JUDGE    R. ARRAIGA            DEPUTY CLERK

HONORABLE                                JUDGE PRO TEM                   ELECTRONIC RECORDING MONITOR

Add-On #2

M. WEBB, C.A.            Deputy Sheriff    NONE                           Reporter

---

BC665578

LARRY CRAFT
VS
RWI TRANSPORTATION LLC

Complex- 7-5-2017

Plaintiff
Counsel                  NO APPEARANCES

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: July 5, 2017

Sherri R. Carter, Executive Officer/Clerk

By: R. ARRAIGA, Deputy Clerk

Brian Kabateck
KABATECK BROWN KELLNER LLP
644 S. Figueroa Street
Los Angeles, CA 90017

Page   3 of  3    DEPT.  310

MINUTES ENTERED
07/05/17
COUNTY CLERK

**EXHIBIT 2**

1

2

3

4

5

6

7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 05 2017

Sherri R. Carter, Executive Officer/Clerk
By: Roxanne Arreign, Deputy

8

9

10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| 11  LARRY CRAFT, et al.,<br>       Plaintiff,<br>12<br>13      vs.<br>14  RWI TRANSPORTATION, LLC, et al.,<br>15      Defendants.<br>16 | Case No. BC665578<br><br>INITIAL STATUS CONFERENCE ORDER<br>(COMPLEX LITIGATION PROGRAM)<br><br>Case Assigned for All Purposes to<br>Judge Kenneth R. Freeman<br><br>Department:  310<br>Date:        September 22, 2017<br>Time:        10:00 a.m. |

17

18      This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex

19  Litigation Program.  An Initial Status Conference is set for **September 22, 2017 at 10:00 a.m.** in

20  Department 310 located in the Central Civil West Courthouse at 600 South Commonwealth

21  Avenue, Los Angeles, California 90005.  Counsel for all the parties are ordered to attend.

22      The Court orders counsel to prepare for the Initial Status Conference by identifying and

23  discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

24  initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

25  agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

26  Conference Class Action Response Statement ten (10) court days (**September 8, 2017**

27

28  **DIRECTLY in Department 310**) before the Initial Status Conference.  The Joint Response

INITIAL STATUS CONFERENCE ORDER

Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

3. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

4. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

5. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

6. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

7. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

8. **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and

-2-

INITIAL STATUS CONFERENCE ORDER

describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- ■ Early motions in limine,
- ■ Early motions about particular jury instructions,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the

-3-

INITIAL STATUS CONFERENCE ORDER

kind of discovery you propose[1].

      **12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or reimbursement.

      **13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

      **14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

      **15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 310) prefers that the parties select:

- **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

- File & Serve Xpress (https://secure.fileandservexpress.com) or
- CaseHomePage (http://www.casehomepage.com).

      Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If

---

[1] See California Rule of Court, Rule 3.768.

parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues

---

[2] California Rule of Court, Rule 3.770(a)

-5-

presented in this case, however shall stay all outstanding discovery requests.

Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

Dated: July 5, 2017

KENNETH R. FREEMAN

_____
Judge Kenneth R. Freeman

-6-

INITIAL STATUS CONFERENCE ORDER

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

Case No. BC665578

I am employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within entitled action; my business address is 644 S. Figueroa Street, Los Angeles, CA 90017.

On July 12, 2017, I served a copy of the following document(s) described as **NOTICE OF INITIAL STATUS CONFERENCE** on the interested party(ies) in this action as follows:

| | |
|---|---|
| Adriana Cara<br>Kelly K. McLaughlin<br>DINSMORE & SHOHL LLP<br>655 West Broadway, Suite 840<br>San Diego, CA 92101<br>Phone: (619) 400-0514<br>Fax: (619) 400-0501 | adriana.cara@dinsmore.com<br>kelly.mclaughlin@dinsmore.com<br><br>Attorneys for Defendant RWI<br>TRANSPORTATION, LLC. |

[X]  **BY MAIL:**   By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

[ ]  **BY OVERNIGHT DELIVERY:**   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[]  **VIA CASEANYWHERE** – I caused such documents described herein to be uploaded electronically onto the website www.caseanywhere.com per a mutual agreement between the parties. I uploaded the above entitled document(s) with the understanding that all parties will have access and be able to download said documents.

[X]  **STATE:**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 12, 2017, at Los Angeles, California.

Cheryl Kenner

Cheryl Kenner

3
**PROOF OF SERVICE**