FILED
CLERK, U.S. DISTRICT COURT
NOV 27 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CRAFT, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>RWI TRANSPORTATION, LLC a California corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-05289-SVW<br><br>[Assigned to Hon. Stephen V. Wilson]<br><br>[~~PROPOSED~~] ORDER GRANTING AWARD OF ATTORNEY FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT AWARD<br><br>[Filed concurrently with Notice of Motion and Motion for Attorney Fees, Costs, and Class Representative Enhancement Award; Memorandum of Points and Authorities; Declarations of Brian S. Kabateck and Larry Craft]<br><br>Date:        December 3, 2018<br>Time:        1:30 p.m.<br>Courtroom:   10A<br><br>Complaint Filed: June 19, 2017 |

A Fairness Hearing was held before this Court on December 3, 2018, to consider, among other things, the amount of attorneys' fees and costs to be awarded to plaintiffs' counsel Kabateck LLP and the class representative enhancement payment to be awarded to Plaintiff Larry Craft. Having considered the evidence submitted and argued by the Parties, and any objections to the Settlement submitted,

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Court, by separate Order and Final Judgment, approves the Settlement Agreement between the parties as fair and reasonable for the reasons stated therein. As to the request for attorneys' fees, costs, and class representative enhancement payments, the Court has completed a thorough analysis of the basis for the request and hereby **GRANTS** the Motion, finding it reasonable to award $228,750 in attorneys' fees and $30,286.93 in litigation costs to Class Counsel along with a Class Representative Enhancement Award of $15,000 to Plaintiff Larry Craft.

Where counsel for a class seek fees from a common fund, courts within the Ninth Circuit have discretion to use one of two methods to determine whether the request is reasonable: percentage-of-the-fund or lodestar/multiplier. See *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010); *Vizcaino*, 290 F.3d at 1048–49); *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998).

In cases, such as this one, where it is possible to ascertain the value of the settlement through the existence of a common fund (as opposed to injunctive relief classes), courts in the Ninth Circuit prefer a percentage-of-the-fund method. *See In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011) ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."); *see also, In re*

*Omnivision Technogies, Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("[U]se of the percentage method in common fund cases appears to be dominant.").

In common fund cases, the "benchmark" percentage award is 25 percent of the recovery obtained, with 20 to 30 percent as the usual range. *See, e.g., Vizcaino supra*, 290 F.3d at 1047. The ultimate amount must be supported by findings that take into account all of the circumstances of the case, including (1) the result achieved, (2) the risk involved in the litigation, (3) the effort expended by counsel; (4) skill required and quality of work by counsel, (5) the contingent nature of the fee, (6) awards made in similar cases, (7) the reaction of the class; and (8) the lodestar crosscheck. *Boyd v. Bank of America Corp.* (C.D. Cal., Nov. 18, 2014, No. SACV 13-0561-DOC) 2014 WL 6473804, at *8 (citing *Vizcaino, supra*, 290 F.3d at 1048); see also, *Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1120 (C.D. Cal. 2008).

Plaintiffs' Counsel's request for $228, 750, which represents 25 percent of the gross settlement amount, is supported by these factors. Given the complexity of the case, the experience of counsel, the great result obtained for class members, the speed with which Plaintiffs' counsel was able to obtain the result, and the fact there are no objectors, Class Counsel's request for 25% of the Gross Settlement Amount is appropriate in this case. Furthermore, Class Counsel's request is supported by a lodestar cross-check. Here, Class Counsel, an experienced, well-known and well-regarded plaintiffs' firm in Los Angeles, performed a total of 700.22 hours with a total lodestar of $349,270.

Class Counsel's request for costs is also reasonable. "Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionally by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F.Supp.1362, 1366 (N.D. Cal. 1995) (Citing *Mills v. Electric Auto Lite Co.*, 296 U.S. 375, 391-392 (1970). Here, KBK seeks an award in the amount of $30,286.93 for costs and expenses which were reasonably

and necessarily committed to the prosecution of this action during the period of January 2017 through November 19, 2018.

Lastly, Plaintiff Larry Craft seeks an enhancement award of $15,000. Modest enhancement payments compensating named plaintiffs for work done on behalf of the class attempt to account for financial or reputational risks associated with the litigation and promote the public policy of encouraging individual plaintiffs to undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646-47 (S.D. Cal. 2011) ("Incentive awards are fairly typical in class actions.") Here, Mr. Craft participated extensively in the prosecution of this action to the benefit of all class members. According to the supporting Declarations, Mr. Craft spent approximately 100 hours of his personal time assisting the attorneys in this case with facts, explanation of documents and discovery responses. He also attended mediation and was deposed. In light of the time and resources Mr. Craft has expended, and the substantial risks he has taken on, an enhancement award of $15,000 is reasonable and appropriate here.

Moreover, there are no objections to Class Counsel's request for attorneys' fees and costs and service awards to the class representative. Having reviewed the submissions of Class Counsel, the Court finds that the sums awarded are reasonable compensation for Class Counsel's fees, costs, and expenses ($228,750 in attorneys' fees and $30,286.93 in costs). The Court also finds a Class Representative Enhancement Award of $15,000 is appropriate in this case. The Qualified Settlement Fund Administrator, CPT, shall pay these sums to Class Counsel pursuant to the provisions set forth in the Parties' Settlement Agreement.

///

///

///

IT IS SO ORDERED.

DATED: Nov 26, 2018              _____

                                 JUDGE OF THE DISTRICT COURT