

FILED
CLERK, U.S. DISTRICT COURT
NOV 27 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CRAFT, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs<br>v.<br><br>RWI TRANSPORTATION, LLC a California corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-05289-SVW<br><br>[Assigned to Hon. Stephen V. Wilson]<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br>[Filed concurrently with Notice of Motion and Motion for Final Approval of Class Action Settlement; Memorandum of Points and Authorities in Support Thereof; Declaration of Brian S. Kabateck; and Declaration of Will Henry]<br><br>Date: December 3, 2018<br>Time: 1:30 p.m.<br>Courtroom: 10A<br><br>Complaint Filed: June 19, 2017 |

[PROPOSED] ORDER AND FINAL JUDGMENT

A Fairness Hearing was held before this Court on December 3, 2018, to consider, among other things, whether the Settlement Agreement ("Settlement Agreement" or "Settlement") between Plaintiff Larry Craft (the "Class Representative" or "Named Plaintiff") and Defendant RWI Transportation, LLC ("Defendant" or "RWI") (collectively the "Parties"), represents a fair, reasonable and adequate compromise of the action. Having considered the evidence submitted and argued by the Parties, and any objections to the Settlement submitted,

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Judgment.

This Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class, and Defendant. Final approval of the Settlement, and entry of a final judgment an order of dismissal is hereby **GRANTED**.

This Court finds that the Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel.

The Court finds that the class proposed for purposes of the Settlement meets the requirements of Fed. R. Civ. P. 23(a), and 23(b)(2) and (3), and hereby certifies a Settlement Class in the Action as follows:

> All individuals who Defendant classified as independent contractors who drove under load for RWI and/or whose tractor was driven under load from RWI to or from California under RWI's DOT authority at any time from June 19, 2013, through March 31, 2018.

1

**[PROPOSED] ORDER AND FINAL JUDGMENT**

The Court approves all terms set forth in the Settlement Agreement and the Settlement reflected therein, and finds that such Settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Class Members, and the Parties to the Settlement Agreement are directed to consummate and perform its terms.

The Parties dispute the validity of the claims in this matter, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate, and in the best interests of the Settlement Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigation the Settlement Class Members would also face the challenge of surviving an appeal of any class certification order entered in the Action, and any other adverse rulings rendered at trial.

Any request to intervene in this matter and/or the Settlement Agreement that is filed after the date this Judgment is entered shall be and hereby is deemed untimely.

The Court finds that the Notices provided for in the Order of Preliminary Approval of Settlement have been provided to the Settlement Class and the Notices provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notices apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement, of the *res judicata* effect on members of the Settlement Class and of their opportunity to submit disputes; object to, comment on, or opt-out of the Settlement; and of the

right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in this Fairness Hearing. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

In accordance with sections I.BB. of the Settlement Agreement, upon entry of this Final Judgment, all Participating Class Members will be deemed to have completely released and forever discharged the Released Parties from all known and unknown claims, losses, damages, liquidated damages, demands, penalties, interest, liabilities, causes of action, complaints or suits, at law or in equity, that were alleged or could have been alleged based on the facts in the Operative Class Action Complaint, including but not limited to, claims for unreimbursed business expenses and unlawful deduction, unpaid wages or overtime, "off-the-clock" work and premium wages for alleged meal and/or rest period violations, failure to timely pay wages upon termination, claims made under California Labor Code section 201, 202, 203, 221, 226, 226.3, 226.7, 226.8, 510, 512, 1194, 1194.2, 1997, 2802, all similar provisions or requirements of the California Industrial Welfare Commission Wage Order 9-2001 and California Business and Professions Code section 17200, *et seq.*, or any other federal, state, or local law, which the Class and/or any Class Member has ever had, or hereafter may claim to have, for the Class Period, except for claims brought under the Fair Labor Standards Act, 29 U.S.C. section 210, *et seq.* (to be released only by FLSA Settlement Class Members as defined in Paragraph I(P) and as set forth in Paragraph II(A)(3) of the Settlement Agreement), and for claims for workman's compensation.

In accordance with section III.A. of the Settlement Agreement, in exchange for consideration recited in the Settlement Agreement, all Participating Class Members, on behalf of themselves and on behalf of their current, former, and future heirs, executors, administrators, attorneys, agents, and assigns, do hereby and forever release, waive, acquit and discharge the Released Parties from the

Released Claims.

In accordance with section III.B. of the Settlement Agreement, the Participating Class Members are deemed by operation of the Order Granting Final Approval to have agreed not to institute any action, nor accept back liquidated damages, punitive damages, penalties of any nature, attorney's fees and costs, or any other relief from any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Defendant, for the Settlement Class Period for any Released Claims.

The settlement of civil penalties under PAGA in the amount of Twenty-Five Thousand Dollars ($25,000) is hereby approved. Seventy-Five Percent (75%), or $18,750, shall be paid to the California Labor and Workforce Development Agency. The remaining Twenty-Five Percent (25%), or $5,250, will be paid to Participating Class Members.

The Court approves settlement administration costs and expenses in the amount of $12,000 to CPT Group, Inc.

Defendant shall pay Class Members pursuant to the procedure described in the Settlement Agreement.

The Named Plaintiff expressly waives all rights and benefits afforded by Section 1542 of the California Civil Code as to any claims he does not know or suspect to exist in his favor against any of the Released Parties and does so understanding the significant of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Per Section VII. of the Settlement Agreement, nothing in the Settlement Agreement will constitute or be considered an admission by or on behalf of either

4

Defendant or any Released Party, of any wrongdoing or liability or of the accuracy of any allegation made in connection with these Class Actions or in any other matter.

Pursuant to Federal Rule of Civil Procedure Rule 23, the Settlement Agreement will be enforceable by the Court. This Court will have and retain continuing jurisdiction over the Class Action, and over all Parties and Class Members, to the fullest extent necessary or convenient to enforce and effectuate the terms and intent of the Settlement Agreement and all matters provided for in it, and to interpret it.

The Parties have so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and order of dismissal with prejudice be, and hereby is, entered as a final and appealable order.

IT IS SO ORDERED.

DATED: *Jan 26, 2018*

_____
JUDGE OF THE DISTRICT COURT